J-S52020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BILLY WHITE | : | |
| | : | |
| Appellant | : | No. 756 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 6, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002429-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BILLY WHITE | : | |
| | : | |
| Appellant | : | No. 757 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 6, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002430-2012

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:               **FILED FEBRUARY 17, 2021**

Billy White (Appellant) appeals *pro se*[1] from the judgments of sentence

imposed February 6, 2020, in the Montgomery County Court of Common

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant was permitted to represent himself following a ***Grazier*** hearing in November of 2018.  ***See Commonwealth v. White***, 796 EDA 2018 (unpub.

Pleas, following this Court's second remand for resentencing on two criminal dockets, CP-46-CR-0002429-2012 (the Drug Case), and CP-46-CR-0002430-2012 (the Burglary Case). On appeal,[2] Appellant contends the trial court should recuse itself from further proceedings, and presents the following challenges to the court's February 2020 resentence: (1) the trial court violated his due process rights by imposing two counts to run consecutively, when they were originally imposed concurrently, and have now expired; (2) the court imposed a lengthier sentence upon remand when the aggregate sentence originally imposed was only five to 10 years' imprisonment; (3) the court ignored his double jeopardy claim regarding a probation violation sentence; (4) the court re-imposed an illegal mandatory minimum sentence under *Alleyne v. United States*, 570 U.S. 99 (2013); (5) the court imposed a probationary term for a sentence that had expired; and (6) the court failed to reimburse him for costs improperly imposed. We affirm.

The relevant facts and protracted procedural history underlying these appeals are as follows. The Drug Case originated from the October 2011 search of a vehicle Appellant abandoned at a residence in Lower Providence

_____

memo. at 1 n.3) (Pa. Super. 2019); *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). He has proceeded *pro se* since that time. At the most recent sentencing hearing, Appellant affirmed that he still wished to proceed *pro se*, and rejected the trial court's offer to continue the proceedings so that Appellant could apply for a public defender. *See* N.T., 2/6/20, at 3-4, 15-16.

[2] This Court consolidated these appeals *sua sponte* by order entered May 4, 2020.

Township, Montgomery County. *See Commonwealth v. White*, 763 EDA 2013 (unpub. memo. at 1-4) (Pa. Super. 2014). Police officers responding to the call of an abandoned vehicle recovered more than 10 grams of cocaine hidden inside the CD compartment. *Id.* at 2. A subsequent investigation led to Appellant as the operator of the vehicle at the time it was abandoned. *Id.* at 1.

The Burglary Case stemmed from a February 26, 2012, incident when Appellant broke into the home of his then-girlfriend. *See Commonwealth v. White*, 766 EDA 2013 (unpub. memo. at 1-5) (Pa. Super. 2014). Appellant arrived at the home at approximately 2:00 a.m., and insisted his girlfriend come out to his car. *Id.* at 2. When she refused and directed him to leave the property, he entered without permission, pulled a gun on her and threatened to "pistol whip" her if she did not comply. *Id.* (citation omitted). She accompanied him to his car, where Appellant continued to threaten her and her daughter. *Id.* at 3. Fortunately, a police officer responded to a 911 call, and arrested Appellant. *Id.* at 4. A search of that car revealed marijuana and a firearm. *Id.*

The Burglary Case was tried first. On November 27, 2012, a jury convicted Appellant of burglary, criminal trespass, terroristic threats, carrying a firearm without a license, and possession of drug paraphernalia.[3] The Drug

---

[3] 18 Pa.C.S. §§ 3502(a)(1), 3503(a)(1)(i), 2706, 6106(a)(1); 35 P.S. § 780-113(a)(32).

Case trial began the next day before the same trial court. On November 29, 2012, a jury convicted Appellant of possession with intent to deliver (PWID) cocaine, possession of cocaine,[4] and possession of drug paraphernalia.

On February 8, 2013, the court sentenced Appellant on both dockets, as well as two probation violation matters. On the Drug Case, the court imposed a mandatory minimum sentence of five to 10 years' imprisonment for PWID,[5] a concurrent term of one to three years for possession of cocaine, and a concurrent term of one year probation for possession of paraphernalia. On the Burglary case, the court sentenced Appellant to a mandatory minimum five to 10 years' imprisonment for burglary,[6] a concurrent term of one to seven years for criminal trespass, a concurrent 3½ to seven years for the firearms offense, a concurrent one to five years for terroristic threats, and a concurrent term of one year probation for the paraphernalia charge. The trial court

_____

[4] 35 P.S. §§ 780-113(a)(16), (30).

[5] The court applied the mandatory minimum sentence based upon the weight of the cocaine recovered from the car. *See* 18 Pa.C.S. § 7508(a)(2)(ii). This statute was later held to be unconstitutional pursuant to *Alleyne* (fact that increases mandatory minimum sentence "must . . . be submitted to the jury and found beyond a reasonable doubt"). *See Commonwealth v. Cardwell*, 105 A.3d 748, 749, 755 (Pa. Super. 2014).

[6] The court applied the mandatory minimum based upon Appellant's visible possession of a firearm during the burglary. *See* 42 Pa.C.S. § 9712(a). This statute, too, was later declared unconstitutional under *Alleyne*. *See Commonwealth v. Valentine*, 101 A.3d 801, 812 (Pa. Super. 2014).

further ordered that the PWID sentence in the Drug Case run consecutive to the probation revocation sentences, and the burglary sentence in the Burglary Case run consecutive to the PWID sentence. *See* N.T., 2/8/13, at 19-20. Thus, the court imposed an aggregate sentence of 10 to 20 years' imprisonment for the Drug and Burglary Cases. Appellant's judgments of sentence in both cases were affirmed by this Court on direct appeal. *See White*, 763 EDA 2013 (Drug Case);[7] *White*, 766 EDA 2013 (Burglary Case).

In September of 2014, Appellant filed timely petitions for post-conviction collateral review in both cases. The trial court subsequently denied relief. However, on appeal, this Court remanded both cases for resentencing, after concluding the mandatory minimum sentences imposed by the trial court were unconstitutional under *Alleyne* and its progeny. *See Commonwealth v. White*, 3255 EDA 2016 (Pa. Super. Dec. 19, 2017) (Drug Case); *Commonwealth v. White*, 3130 EDA 2016 (Pa. Super. Dec. 26, 2017) (Burglary Case).[8]

_____

[7] We note that in the Drug Case appeal, this Court vacated the judgment of sentence in part, concluding that Appellant's conviction of possession of cocaine should have merged for sentencing purposes with his conviction of PWID. *See White*, 763 EDA 2013 (unpub. memo. at 7). However, because the sentence for possession ran concurrently with the sentence for PWID, and did not affect the overall sentencing scheme, the panel determined it was not required to remand for resentencing. *Id.*

[8] In both cases, this Court affirmed the PCRA court's denial of relief on all other issues.

Upon remand, the trial court conducted a resentencing hearing on January 26, 2018. At the conclusion of the hearing, the court imposed the following sentence: (1) on the Burglary Case — five to 10 years' incarceration for burglary, a consecutive 3½ to seven years for the firearms offense, a consecutive one to five years for terroristic threats, and a concurrent one year probation for possession of paraphernalia;[9] and (2) on the Drug Case — 2½ to 10 years for PWID, six months to two years for possession of cocaine,[10] and a concurrent one year probation for possession of paraphernalia. *See* N.T., 1/26/18, at 18-19. At the hearing, the court stated that the sentence for possession in the Drug Case would run consecutive to the Burglary Case, for an aggregate term of 10 to 22 years' imprisonment. *Id.* at 19. However, the docket sheet for the Drug Case indicated that the PWID sentence (2½ to 10 years) would run consecutive to the Burglary Case, which would amount to an even lengthier sentence. *See* Trial Docket Drug Case at 7.

---

[9] At the resentencing hearing, the parties agreed that Appellant's conviction of criminal trespass should merge for sentencing purposes with his conviction of burglary. *See* N.T., 1/26/18, at 4.

[10] We note that, on direct appeal, this Court vacated Appellant's sentence for possession of cocaine upon determining the conviction should have merged for sentencing purposes with his conviction of PWID. *See White*, 763 EDA 2013 (unpub. memo. at 7). Neither Appellant nor the Commonwealth objected when the trial court imposed a separate sentence for this crime at the January 2018 sentencing hearing. However, at the February 2020 sentencing hearing, both the Commonwealth and trial court noted that the possession conviction merged with the PWID conviction. *See* N.T., 2/6/20, at 9.

Appellant filed a timely *pro se* appeal at both cases.[11] On December 3, 2019, this Court issued a single memorandum decision, vacating the January 2018 judgment of sentence and remanding for resentencing.[12] **White**, 796 EDA 2018 (unpub. memo. at 1-2). First, the panel found the record was unclear as to the original, aggregate term of imprisonment imposed at the February 2013 sentencing hearing. **See id.** at 5. While the trial court announced it was imposing an aggregate sentence of 10 to 20 years' imprisonment for both cases, the panel noted that the sentencing forms seemed to indicate the cases would run concurrently, for an aggregate term of only five to 10 years' imprisonment. **Id.** Thus, regardless of whether the maximum aggregate sentence imposed in January of 2018 was 22 years or greater, the panel concluded the trial court improperly imposed a lengthier sentence at resentencing (22 or more years) than was originally imposed (10 or 20 years). **See id.** at 6; **Commonwealth v. Barnes**, 167 A.3d 110, 123-24 (Pa. Super. 2017 (*en banc*) (to rebut presumption of vindictiveness, when trial court increases defendant's sentence upon resentencing, court must affirmatively state objective reasons for doing so on the record). Thus, the panel was compelled to vacate the January 2018 judgment of sentence and remand for resentencing. In addition the panel identified several other issues

_____

[11] Appellant was permitted to represent himself following a **Grazier** hearing in November of 2018. **See supra** at n.1.

[12] Both cases were listed under the same appellate court docket number.

for the trial court to address on remand: (1) whether the court improperly reimposed routine costs and fees; (2) whether Appellant was properly credited for time-served; and (3) whether Appellant had completed serving his one-year probationary sentences for both paraphernalia convictions. *See White*, 796 EDA 2018 (unpub. memo. at 8-9). The panel further instructed:

> [A]t resentencing, the court shall clarify the contradictions found in the certified record concerning the original sentences issued in 2013. Specifically, the contradictions noted above regarding the aggregate sentence as announced in open court and as found in the written 2013 sentencing forms. This is necessary as the original sentence provides the baseline for comparison for subsequent resentencing.

*Id.* at 9-10.

The trial court conducted a second resentencing hearing on February 6, 2020, at which time it addressed the concerns raised by this Court as follows:

> First, this court ordered reimbursement of the costs and fees dating from . . . January 26, 2018, the date the duplicative costs and fees were imposed.
>
> Next, as to time credit, this court determined none was owed to [Appellant] on [the Burglary Case] or [the Drug Case], and explained the reasons for this as follows. [Appellant] was credited with the 9 months and 20 days' back time, from February 26, 2012 until December 16, 2012, when at the February 8, 2013 sentencing, he was also sentenced on two probation violations at CCP dockets 6133-2010 and 8501-2010. At the 2013 sentencing, this court stated as follows:
>
>> On the file at 8301 of 2010, there he'll receive his back time, 9 months, 20 days. That will run from February 26, 2012.
>>
>> At 6133, the other violation, he'll receive the balance of the back time, nine months, 20 days. That will run concurrent from February 26, 2012.

These judgments of sentence were never appealed, the judgments of sentence became final, and [Appellant] served those sentences. He is not entitled to duplicate credit.

As to the 2013 baseline sentence, this court reviewed carefully the sentencing sheets and the previous sentencing proceedings, and determined with one hundred percent certainty that the original sentencing scheme was to impose a 10-20 year sentence. This court specifically concluded that a 5-10 year term was never considered, intended, or imposed, and any confusion otherwise resulted from a clerical error on the 2013 sentencing sheet.

Trial Ct. Op., 5/19/20, at 4-5 (record citations omitted).

After reviewing the sentencing guideline ranges for each offense,[13] the trial court imposed the following sentence: (1) on the Burglary Case — five to 10 years' imprisonment for burglary, a consecutive 2½ to five years for the firearms offense, and a concurrent one to five years for terroristic threats; and (2) on the Drug Case — 2½ to five years' imprisonment for PWID, to run consecutively to the Burglary Case. **See** N.T., 2/6/20, at 31. No further penalty was imposed on the paraphernalia convictions. Furthermore, the trial court explicitly stated: "This is a 10-to-20 years sentence[.]" **Id.** These timely appeals followed.[14]

Appellant raises eight claims on appeal:

_____

[13] **See** N.T., 2/6/20, at 8-10.

[14] In compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), Appellant filed a separate notice of appeal at each trial court docket. **See id.** at 977 (mandating that "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed"). He also complied with the court's directive to file concise statements of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

1. Whether the trial court should recuse himself from further proceedings of [Appellant] due to bias and vindictiveness and [retaliatory] motives by denying . . . Appellant of his Fifth and Fourteenth Amendment[ ]Due Process Rights . . . for [the Drug Case and the Burglary Case?]

2. Whether the trial court on remand at resentencing committed an abuse of discretion and error in law denying [Appellant] his Fifth and Fourteenth Amendment Due Process Rights . . . by changing [the PWID charge in the Drug Case] from the controlling case to consecutive to [the burglary charge in the Burglary Case] when it is legally complete now[?]

3. Whether the trial court on remand at resentencing committed an abuse of discretion and an error in law denying [Appellant] his Fifth and Fourteenth Amendment Due Process Rights . . . by not enter[taining Appellant's] double jeopardy claim under **Comm. v. Wolfe**, for case 8501-2010[?]

4. Whether the trial court violated the Pennsylvania law [by denying Appellant] his Fifth and Fourteenth Amendment Due Process Rights . . . at resentencing when the original 2013 sentencing forms submitted indicated the sentence for [Counts 1 in both the Drug and Burglary Cases] would run concurrent with each other there by resulting in a total sentence of 5 to 10 years[?]

5. Whether the trial court on remand at resentencing committed an abuse of discretion or error in law by denying [Appellant] his Fifth and Fourteenth Amendment Due Process Rights . . . [w]hen the original 2/8/13 sentencing scheme had [Count 3 of the Burglary Case] running concurrent with [Count 1 of the Drug Case and] it was never corrected and still runs consecutive to [Count 1 of the Burglary Case?]

6. Whether the trial court on remand at resentencing committed an abuse of discretion and an error in law by leaving a sentence[ing] error go uncorrected and still illegal under [**A**]**lleyne** for [the Burglary Case?]

7. Whether the trial court on remand at resentencing committed an abuse of discretion and an error in law when [the February 2013] sentencing forms indicated a 1 year concurrent probation to start 2/8/13 but [Appellant] was sentenced to a consecutive term of a 1 year probation to start after [the Drug and Burglary Cases e]xpire[?]

8.     Whether the trial court is in violation of [Appellant's] Constitution[al] Rights by denying the Superior Court[']s decision on **Lehman** by reimposing a[n] inactive cost from 2001 when this court over ruled the trial court on this decision and also [Appellant] was[ not] reimburse[ed] and cost is not vacated for [the Drug Case?]

Appellant's Brief at 4-5.

First, Appellant contends the trial court should recuse itself from further proceedings because, in his view, the court has been "unfair . . . and retaliatory towards him[.]"  Appellant's Brief at 10.  Both the trial court and the Commonwealth insist Appellant waived this claim.  **See** Trial Ct. Op. at 8; Commonwealth's Brief at 9-11.  We agree.

It is well-established that "a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged." **Commonwealth v. Abu-Jamal**, 720 A.2d 79, 89 (Pa. 1998).  The jurist must then consider whether they can rule impartially, and that decision is "personal and unreviewable[.]"  **Id.**  "Where a jurist rules that [they] can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion."  **Id.**  Accordingly, a party who seeks recusal of a trial court judge must "raise the objection at the earliest possible moment, or . . . suffer the consequence of being time barred." **Commonwealth v. Luketic**, 162 A.3d 1149, 1158 (Pa. Super. 2017) (citation omitted).

With regard to the February 6, 2020, resentencing hearing, Appellant did not move for recusal of the trial court until March 4, 2020, **after** he filed

his notices of appeal.[15]  At that point, the trial court had no authority to consider his motion.[16]  **See** Pa.R.A.P. 1701(a) ("[A]fter an appeal is taken . . . the trial court . . . may no longer proceed further in the matter."). Accordingly, we agree that Appellant's recusal claim is waived.

Appellant's remaining claims challenge the sentence imposed by the trial court on February 6, 2020.[17]  First, he argues the court violated his due process rights by restructuring his sentence so that some sentences, previously imposed to run concurrently, now run consecutively.  **See** Appellant's Brief at 12, 15, 17.  He insists that pursuant to the "original/correct commitment date" some of these sentences are now complete.  **See id.** at 12, 17.  He also asserts the original sentencing forms indicated the sentences on the Burglary and Drug Cases would run concurrently, for an aggregate sentence of only five to 10 years' imprisonment.  **Id.** at 15.

_____

[15] We note Appellant sought recusal of the trial judge on three prior occasions after filing an appeal from the lower court's denial of PCRA relief.  **See** Motion for Transcripts and Recusal of Trial Court, 10/21/26; Motion for Recusal of Trial Judge, 12/19/16; Motion for Recusal of Trial Judge, 1/5/17.  The PCRA court denied relief by order filed July 5, 2017, because the case was pending on appeal.  **See** Order, 7/5/17.  Appellant never sought recusal of the trial court following the Superior Court's 2019 remand.

[16] In any event, we note the court did enter an order denying the recusal motion on May 19, 2020.  Order, 5/19/20.

[17] Appellant's statement of questions is repetitive and convoluted.  Thus, we will summarize and consolidate the issues as they appear in his brief.

Next, Appellant contends the trial court ignored his double jeopardy claim concerning a probation revocation sentence at trial court docket "8501-2010." Appellant's Brief at 14. He maintains he "did the time three times" for this revocation, and the court did not properly credit him for time served. *Id.* Similarly, he maintains the trial court left "a sentence error go uncorrected and still illegal" when it imposed a five to 10 years' mandatory minimum sentence for burglary in violation of ***Alleyne***. *Id.* at 19.

Appellant's final two claims also concern sentencing errors that he believes the trial court failed to correct. He argues the court imposed a "consecutive term of a full year probation" on his possession of paraphernalia convictions, when his originally imposed concurrent one year terms would have expired. Appellant's Brief at 20. He also insists the court "reimposed an inactive cost from 2001" and did not reimburse for the costs imposed at the Drug Case docket. *Id.* at 21.

Preliminarily, we must consider whether any of Appellant's issues challenge the discretionary aspects of his sentence. Such challenges are not appealable as of right, and an appellant must petition this Court for permission to appeal. ***See Commonwealth v. Barnes***, 167 A.3d 110, 122 (Pa. Super. 2017) (*en banc*). To invoke our jurisdiction, an appellant must preserve the claim at sentencing or in a post-sentence motion, file a timely appeal, include a separate statement of reasons relied upon for appeal in his brief pursuant to Pa.R.A.P. 2119(f), and raise a substantial question that the sentence is not appropriate under the Sentencing Code. *Id.* (citation omitted). However,

when an appellant fails to comply with Rule 2119(f), and the Commonwealth objects to the omission, "this Court may not review the merits of the claim, and we deny allowance of appeal." **Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004). In the case *sub judice*, Appellant did not include a Rule 2119(f) statement in his brief and the Commonwealth objected to the omission. **See** Commonwealth's Brief at 13. Thus, to the extent any of Appellant's claims challenge the discretionary aspects of his sentence, they are waived. **See Barnes**, 167 A.3d at 122.

Although Appellant does not state so expressly, his claim that that the trial court violated his due process rights by restructuring his sentence upon remand, in conjunction with his request for recusal, implies that the new sentence was the result of judicial vindictiveness. Such a claim, however, implicates the discretionary aspects of his sentence, and is, thus, waived as a result of his failure to comply with Rule 2119(f). **See Barnes**, 167 A.3d at 122 (claim that trial court imposed more severe sentence on remand, which "invites a presumption of vindictiveness," challenges discretionary aspects of sentencing).

Nevertheless, even if we were to address this issue, we would conclude no relief is warranted. Appellant's underlying contention is that the trial court had no authority to restructure his sentence upon remand. He is simply incorrect. Although a trial court, upon remand for resentencing, may not **increase** an **aggregate sentence** without providing specific, objective reasons for doing so, a court may **restructure** an aggregate sentence to

"preserv[e] the integrity of a prior sentencing scheme." *See Barnes*, 167 A.3d at 124. Here, as in *Barnes*, "Appellant's argument requires us to look only at one part of his new sentence and compare it to one part of his old sentence without examining the overall sentencing scheme of both the new and old sentences." *See id.* In *Barnes*, the *en banc* panel concluded the defendant was "not the victim of a vindictive sentence . . . as his aggregate sentence after remand remained the same." *Id.* at 125. The same is true here. The trial court opined:

> In this case, this court sought to retain the integrity of the original sentencing scheme[. A]fter reviewing the entire record, this court believes now, as it believed at the time of the 2013 sentencing hearing for all of the reasons stated in 2013, that a 10 – 20 year sentence is appropriate. It was this court's intention to uphold the integrity of the 2013 sentencing scheme and to reimpose an aggregate sentencing scheme of 10 – 20 years. The fact that the individual sentences differed from that of 2013 is of no moment because this court was permitted [to] make these adjustments and restructure the sentence to preserve the sentencing scheme. No relief is due.

Trial Ct. Op. at 9-10. We agree. The trial court imposed an aggregate sentence of 10 to 20 years' imprisonment in 2013, and an aggregate sentence of 10 to 20 years' imprisonment in 2020. Thus, Appellant has not demonstrated the court violated his due process rights or imposed a vindictive sentence.

To the extent Appellant insists his 2013 sentencing forms indicate that the sentences in the Drug and Burglary Cases would run concurrent with each

other, the trial court determined the forms contained a clerical error. The court explained:

> At the 2013 sentencing, this Court specifically stated on the record that consecutive sentencing was warranted due to the seriousness of the crimes along with the length and breadth of the crimes. Then this court went on to sentence [Appellant] on both . . . dockets . . . . However, the sentencing sheet from [the Burglary Case] shows the box next to consecutive/concurrent checked off and consecutive is crossed out. This is where the confusion has arisen, and therefore the Superior Court directed a clarification of the original sentence in this remand. This court having reviewed the entire record, including the sentencing notes of testimony from 2013, is one hundred percent certain that the intention was to impose[,] as stated in open court, that the sentences were to run consecutive to each other, making it an aggregate sentence of 10 – 20 years. It was never intended that the sentences be concurrent and the sentencing sheet which states they are to run concurrent to each other was a clerical error.

Trial Ct. Op. at 12 (record citations omitted).

Our review of the transcript of the February 8, 2013, sentencing hearing reveals the trial court clearly stated the five to 10 year sentence for burglary in the Burglary Case would run consecutive to the five to 10 year sentence for PWID in the Drug Case. N.T., 2/8/13, at 19. Thus, the court originally imposed an aggregate sentence of 10 to 20 years' imprisonment.[18]

_____

[18] The Commonwealth contends that the 2013 sentencing order did not contain an error. Commonwealth's Brief at 16-17. We agree. Although the 2013 sentencing orders are not included in the certified record, the Commonwealth attached copies of the orders to its brief. *See id.* at R. 33a-37a. The sentencing order for the Burglary Case clearly indicates the five to 10 year sentence imposed on Count 1 (Burglary) was to run consecutive to "2429-12," the Drug Case. *See id.* at R. 36a, Burglary Case Sentencing Order, 2/8/13, at 2.

Appellant's remaining claims appear to challenge the legality of his sentence. First, he asserts the trial court did not properly credit him for time served, and that he "did the time three times" for a probation revocation sentence for case "8501-2010." **See** Appellant's Brief at 14; **Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa. Super. 2018) ("A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence."). The trial court concisely disposed of this claim as follows:

> [Appellant] seems to misunderstand that he was not resentenced on [trial docket] 8501-2020, and that the only reason this case came up was in regard to the time credit issue. Wherein this court addressed that issue and concluded that [Appellant] is not due any time credit on [the Burglary and Drug Cases] because he was given this credit of time on [two probation revocation cases], and that he was not entitled to double credit. [**See** N.T., 2/6/20, at 6-7, 29.] This did not raise a double jeopardy issue, nor did [Appellant] raise a double jeopardy issue at sentencing.

Trial Ct. Op. at 15. The notes of testimony from both the February 2013 and February 2020 sentencing hearings support the trial court's assertion that Appellant received credit for time served on his probation violation sentences. **See** N.T., 2/8/13, at 7-8, 18-19; N.T., 2/6/20, at 6-7, 29. Thus, no relief is warranted.

To the extent Appellant argues the trial court reimposed an illegal sentence in his Burglary Case, we again conclude he is mistaken. **See** Appellant's Brief at 19. Although the trial court reimposed a sentence of five to 10 years' imprisonment for Appellant's conviction of burglary, it did not do so pursuant to a mandatory minimum sentencing statute. Prior to imposing sentence, the trial court reviewed the sentencing guidelines, which called for

- 17 -

a minimum standard range sentence of 48 to 60 months for burglary. N.T., 2/6/20, at 9. Accordingly, when imposing the five to 10 year sentence, the court explicitly stated it was imposing a "standard range sentence." *Id.* at 31. Thus, because the court did not impose a mandatory minimum sentence, no relief is due.

Appellant's final two issues concern purported sentencing errors. He first asserts the court "restructured [his] 1 year concurrent probation sentences to consecutive . . . when both sentences should have expired[.]" Appellant's Brief at 20. Appellant is simply incorrect. The trial court imposed no further penalty on the paraphernalia offenses at the February 2020 resentencing hearing. *See* N.T. 2/6/20, at 24-25, 31.

Finally, Appellant contends the trial court "reimposed an inactive cost" and failed to reimburse him for improper costs imposed in the Drug Case. *See* Appellant's Brief at 21. Again, Appellant's assertion is not supported by the record. At the February 2020 resentencing hearing, the trial court directed that any costs Appellant paid pursuant to the January 2018, resentencing hearing, would be refunded to him. *See* N.T., 2/6/20, at 5-6, 29. Moreover, no additional costs were imposed. *See also* Sentencing Orders, 2/6/20. Thus, no relief is warranted.

Judgments of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 2/17/2021*