J-S28010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFRED MCKINNON | : | |
| | : | |
| Appellant | : | No. 1536 EDA 2020 |

Appeal from the PCRA Order Entered July 6, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0714541-2000

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 1, 2021**

Alfred McKinnon appeals from the July 6, 2020 order dismissing as untimely his third petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").  We affirm.

On the evening of June 15, 2000, Appellant fatally stabbed his uncle, Fletcher McKinnon, on North 4th Street in the City of Philadelphia.  Ultimately, Appellant entered a plea of guilty but mentally ill to an ungraded count of homicide, which the trial court accepted after the parties stipulated to his condition and admitted his medical records for review.[1]  ***See*** N.T. Plea

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  The precise nature of Appellant's mental illness is not well-documented in the certified record, although we glean from the available transcripts that he had been declared incompetent during prior proceedings in the same case. ***See*** N.T. Plea Hearing, 8/19/03, at 12.  In the instant PCRA petition, Appellant described his condition as a schizoaffective disorder.

Hearing, 8/19/03, at 11-12; **see also** 18 Pa.C.S. § 314(b). The trial court determined that Appellant was guilty but mentally ill of third-degree murder. During this plea hearing, Appellant acknowledged being aware that he was suffering from a "mental illness" and confirmed that he was taking medication as part of his treatment regimen. **Id**. at 3-4. The same day, on August 19, 2003, Appellant was sentenced to twenty to forty years of incarceration at an appropriate facility. No direct appeal was filed.

On January 18, 2007, Appellant filed his first *pro se* PCRA petition. PCRA counsel was appointed, but ultimately elected to file a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court dismissed the petition as frivolous. No appeal was taken.

On September 1, 2011, Appellant filed a second *pro se* PCRA petition seeking unspecified relief on account of his mental illness. The PCRA court dismissed the petition after concluding that it was untimely and noting that Appellant had not invoked any of the timeliness exceptions set forth at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Appellant filed an appeal to this Court, but it was dismissed after he failed to file a brief. **See** Order, 10/23/13, at 1.

On April 19, 2017, Appellant filed a petition for a writ of *mandamus* in the Commonwealth Court of Pennsylvania arguing that the Department of Corrections ("DOC") had not properly credited him for his pre-trial incarceration. The Commonwealth Court denied Appellant's application after

finding that he failed "to plead sufficient facts to support a mandamus claim for additional sentence credit." Appellant's brief at Exhibit C.

On July 18, 2017, Appellant filed his third *pro se* PCRA petition that is at issue in the instant appeal. Therein, he argued that his sentence is illegal because he allegedly has not received credit for approximately two and one-half years of his pre-trial incarceration. **See** PCRA Petition, 7/18/17, at 3. He also asserts that "claims that were defaulted due to the PCRA petitioner's mental incompetence may qualify under the statutory after-discovered evidence exception on [the] basis that incompetence rendered [the] petitioner unable to timely discover the factual bases for collateral claims." **Id**. at 10 (citing 42 Pa.C.S. § 9545(b)(1)(ii)).

Thereafter, Appellant's petition languished on the docket for approximately two and one-half years. On February 27, 2020, Appellant filed a *pro se* petition for a writ of mandamus in the Pennsylvania Supreme Court asking that the High Court direct the PCRA court to adjudicate his still-pending petition. In an order dated April 29, 2020, our Supreme Court granted the request and directed the PCRA court to issue a ruling within ninety days.

On June 10, 2020, the PCRA court provided notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On June 24, 2020, Appellant filed a petition for an extension of time to file a response to the PCRA court's Rule 907 notice that was related to Appellant's alleged lack of access to the prison law library. On July 6, 2020, the PCRA court dismissed Appellant's PCRA petition without granting him an extension.

- 3 -

On July 16, 2020, Appellant filed a timely notice of appeal to this Court. The PCRA court did not direct Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b) and Appellant did not prepare one. The trial court did, however, file an opinion pursuant to Rule 1925(a) explaining its reasoning. Accordingly, the case is ripe for our disposition.

Appellant has raised a single issue for our consideration: "Whether the trial court's failure to award [Appellant] time credit for the three years he was confined in jail awaiting sentencing renders his sentence illegal since the time he served combined with the sentence exceeds the statutory maximum?" Appellant's brief at 4. Before addressing the merits of Appellant's claim for relief, we must assess whether his PCRA petition is timely. **See Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa.Super. 2016) ("The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." (cleaned up)).

All petitions filed under the PCRA, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final[.]" 42 Pa.C.S. § 9545(b)(1). For the purposes of PCRA timeliness, a defendant's sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9543(b)(3). A timely petition is required

even when, as here, Appellant's claim implicates the legality of his sentence.[2]

*See Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa.Super. 2007).

This time bar can be overcome if the petitioner pleads and proves the applicability of one of three statutory exceptions, which are codified as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. 9545(b). At the time that Appellant filed his request for relief, any PCRA petitions invoking one of these timeliness exceptions were required to

---

[2] "A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa.Super. 2018).

be filed "within sixty days of the date the claim could have been presented."[3]

42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final at the expiration of his time to seek appellate review in this Court on September 18, 2003. **See** Pa.R.A.P. 903(a). Accordingly, his PCRA petition is facially untimely by approximately fourteen years. However, Appellant asserts that his allegations concerning his mental illness satisfy the "after-discovered evidence" exception enshrined at § 9545(b)(1)(ii).

The following legal principles will guide our review:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

**Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa.Super. 2010) (cleaned up).

Appellant is correct in observing that mental incompetence can satisfy the requirements of this PCRA timeliness exception. **See Commonwealth v. Cruz**, 852 A.2d 287, 288 (Pa. 2004) ("We hold that mental incompetence at

---

[3] Effective December 24, 2018, the General Assembly amended 42 Pa.C.S. § 9545(b)(2) to provide petitioners with one year in which to present their claim. **See** 42 Pa.C.S. § 9545(b)(2) (effective December 24, 2018). The amendment only applies to claims arising on or after December 24, 2017. **See** 2018 Pa. Legis. Serv. Act 2018-146 (S.B. 915) at §§ 3-4.

the relevant times, if proven, **may** satisfy the requirements of Section 9545(b)(1)(ii)[.]" (emphasis in original)). However, "[o]nly under a very limited circumstance has the Supreme Court ever allowed a form of mental illness or incompetence to excuse an otherwise untimely PCRA petition." *Monaco*, *supra* at 1080-81. "[T]he general rule remains that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." *Id*. at 1081.

Our review of the certified record makes clear that Appellant has not acted with the requisite due diligence. With respect to Appellant's mental illness, the transcript of Appellant's plea and sentencing confirm without question that Appellant was fully aware that he was suffering from and being medicated for a mental illness as early as August 2003. **See** N.T. Plea Hearing, 8/19/03, at 3-4. Indeed, Appellant's second PCRA petition filed in September 2011 explicitly referenced his mental illness in seeking PCRA relief. Additionally, Appellant was fully aware of the alleged discrepancy regarding his sentence no later than April 19, 2017, *i.e.*, when he filed a petition for a writ of *mandamus* in the Commonwealth Court seeking correction of his criminal sentence. Yet, the instant PCRA petition was filed more than sixty days after that date. **Cf**. 42 Pa.C.S. § 9545(b)(2).

Consequently, we conclude that Appellant does not qualify for the newly discovered fact exception to the PCRA timeliness requirements. **See Monaco**, **supra** at 1082 (holding that a PCRA petition did not act with due diligence

where he failed to take the necessary steps to pursue his claim of mental incompetence under § 9545(b)(1)(ii) in a timely fashion). Accordingly, we affirm the PCRA court's order dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2021