2018 PA Super 62

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARCUS GIBBS, | : | |
| | : | |
| Appellant | : | No. 987 WDA 2017 |

Appeal from the Judgment of Sentence, May 31, 2017,
in the Court of Common Pleas of Erie County,
Criminal Division at No(s): CP-25-CR-0000031-2017

BEFORE:  LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.*

OPINION BY KUNSELMAN, J.                    FILED MARCH 19, 2018

Marcus Gibbs appeals from the sentence entered against him because he claims the trial court did not properly award him credit for time served against his new criminal charges.  After careful review, we vacate and remand.

Gibbs has a lengthy criminal history, dating back to 1999.  This docket served as his fifth conviction for possession of drugs, separate from convictions for possession with intent to deliver drugs.  It is also his third conviction for driving while his operating privileges were suspended or revoked.  Gibbs pled guilty to five charges in this matter:

Count 1: Possession of a Controlled Substance

Count 2: Possession of Marijuana – Small Amount Personal Use

Count 3: Possession of Drug Paraphernalia

---

*Former Justice specially assigned to the Superior Court.

Count 4: Disorderly Conduct

Count 5: Driving While Operation Privileges Suspended or Revoked.[1]

When Gibbs was arrested on November 17, 2016, his bond was set at $75,000 straight. He never posted bail and remained incarcerated until the time of his sentencing. These charges all occurred while Gibbs was on state parole for previous charges that occurred in 2007. Technically, Gibbs remained incarcerated on both the new criminal charges and a parole board detainer.

On May 31, 2017, the court sentenced Gibbs on the new charges as follows:

Count 1: Incarceration for a minimum period of 6 months and a maximum period of 12 months, consecutive to 1157 of 2007 and 2780 of 2007, plus costs, a $100.00 fine and lab fee in the amount of $239.00.

Count 2: Probation by the state probation department for a period of 30 days, concurrent to Count 3.

Count 3: Probation by the state probation department for a period of 12 months, consecutive to Count 5.

Count 4: Probation by the state probation department for a period of 6 months consecutive to Count 3.

_____

[1] 35 Pa.C.S.A. § 780-113 (a)(16); 35 Pa.C.S.A. § 780-113(A)(31)(i); 35 Pa.C.S.A. § 780-113(a)(32); 18 Pa.C.S.A. § 3503(a)(4), and 75 Pa.C.S.A. § 1543(b)(1), respectively.

Count 5: Incarceration for a period of 60 days, consecutive to Count 1, and a $500.00 fine plus surcharges.

All credit for time served went to Gibbs' detainers at Docket Numbers 1157 of 2007 and 2870 of 2007. Gibbs filed a timely notice of appeal, raising one issue for our review.

1. Did the sentencing court impose an illegal sentence when it

    failed to award credit for time served on the instant docket?

Gibbs' Brief at 8.

A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence. Commonwealth v. Johnson, 967 A.2d 1001, 1003 (Pa. Super. 2009). Issues relating to the legality of a sentence are questions of law. Commonwealth v. Aikens, 139 A.3d 244, 245 (Pa. Super. 2016). Our standard of review over such questions is de novo and the scope of review is plenary. Id.

The Pennsylvania Sentencing Code, with regard to awarding credit for time served, provides in relevant part as follows:

> § 9760. Credit for time served
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a

prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

* * *

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(1), (4). This statute does not specifically contemplate credit for time served following a parole violation and revocation. Our Supreme Court has held, however, that this credit statute mandates an offender receive credit for all incarceration served before sentencing for which he is being detained in custody. Gaito v. Pa. Bd. of Probation and Parole, 412 A.2d. 568 (Pa. 1980). Determining who applies the credit and to which offense it applies has been difficult.

In reaching its decision to apply credit for time served on Gibbs' original sentence, the trial court relied on the Supreme Court decision in Martin v. Pa. Bd. of Probation and Parole, 840 A.2d 299 (Pa. 2003). Based on Martin, the trial court believed it could award the credit to either the original charges or the new charges.

In Martin, the court painstakingly attempted to fashion a rule that would work in all situations where confinement was the result of both the detainer for a parole violation and the failure to meet conditions of bail on

the new offense. The court reviewed many cases and searched for a comparable resolution of this issue in other jurisdictions. Id. at 304-08. The court observed that "[u]nique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit. Id. at 308. Ultimately, the Martin court left the application of time served to the Board's discretion and held that where an offender was incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited by the Board to either the new sentence or the original sentence. Id. (emphasis added).

Following the Martin decision in 2003, however, other cases have addressed the issues of whether the Board or the sentencing court should determine credit for time served and to which offense that credit should be applied. See e.g. McCray v. Pa. Dept. of Corrections, 872 A.2d 1127 (Pa. 2005); Melhorn v. Pa. Bd. of Probation and Parole, 883 A.2d 1123 (Pa. Cmwlth. 2005), rev'd 908 A.2d 266 (Pa. 2006); Armbruster v. Pa. Bd. of Probation and Parole, 919 A.2d 348 (Pa. Cmwlth. 2007). Ultimately, these cases determined that where a sentencing court does not give an inmate full credit for time served, the inmate's remedy is in the trial court, and through the direct appeal process, not through the Board. Armbruster, 919 A.2d. at 356.

Finally, in Commonwealth v. Mann, 957 A.2d 746 (Pa. Super. 2008), this Court determined that while no single case offers a specific, unified, time-served credit application schema, reading several key cases together,

the Court found that they collectively provided a resolution to the questions of where time-served credits are to be applied and by which adjudicatory body:

> [A]ll time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if the inmate remains in custody solely on a Board detainer. If the inmate is incarcerated prior to disposition and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court. If the new sentence is shorter than the time served, the balance can be applied to the original sentence, but the sentencing court must specify "time served: in the sentencing order for the new offense, so that the Board will be able to apply the credit.

Id. at 751. (emphasis added) (citations omitted).

Here, Gibbs had a Board detainer, but did not satisfy bail. Thus, according to the rule in Mann, the trial court was required to credit the time he served prior to the disposition of the new offenses against his new sentence.

The trial court erred by crediting Gibbs' time-served to his original sentence from 2007 and not to his new sentence.[2] Therefore, we vacate the judgment of sentence and remand. The sentencing court is instructed to apply credit to the balance of Gibbs' new sentence for all the time he was in custody between his arrest on the new charges and his sentencing for those

_____

[2] Ironically in Mann, the defendant requested the trial court not to award any credit for the time he was incarcerated prior to the adjudication on the new charges, preferring that such credit be "reserved" for the application to his imminent recommitment to serve the "back-time" on the parole violation. This Court held it was an error for the trial court to comply with this request. Mann, 919 A.2d at 752.

offenses. In the event the credit exceeds his remaining time, it may be applied to his original sentence.

Judgment of sentence vacated. Remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2018