J-S15012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA LEE PISOR | : | |
| | : | |
| Appellant | : | No. 1142 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 24, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000110-2020

BEFORE:  LAZARUS, J., MURRAY, J. and COLINS, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED:  July 30, 2021**

Joshua Lee Pisor appeals from the judgment of sentence, entered in the Court of Common Pleas of Butler County, after he pled guilty to possession with intent to deliver and conspiracy to commit possession with intent to deliver.[1]  Upon review, we vacate the judgment of sentence and remand for proper application of credit for time served.

On August 27, 2020, Pisor entered a negotiated guilty plea to the above charges.  On September 24, 2020, the trial court sentenced him, in accordance with his plea agreement, to an aggregate sentence of 11½ to 23 months' imprisonment.  The court further ordered that the sentence was to run concurrent to his parole violation sentence at docket number CP-10-CR-

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 903(a)(1).

0000664-2017. Pisor timely appealed, and his counsel filed with this Court a petition to withdraw, accompanied by an **Anders**[2] brief in which she raised the following issues, which she deemed to be wholly frivolous:

1. Whether the trial court erred when it accepted [] Pisor's guilty plea[,] as it was not knowingly, intelligently, and voluntarily entered.

2. Whether the trial court abused its discretion in sentencing [] Pisor to eleven and a half to twenty-three months[' incarceration] without credit for time served.

**Anders** Brief, at 4.

Upon our review of the record, we agreed with counsel that Pisor's first claim, regarding the voluntariness of his plea, was, in fact, wholly frivolous. **See Commonwealth v. Pisor**, 1142 WDA 2020, at 4-6 (Pa. Super. filed June 4, 2021) (unpublished memorandum decision). However, we concluded that Pisor's second claim, challenging the application of credit for time served, was potentially meritorious. **See id.** at 6-9. Accordingly, we directed counsel to file an advocate's brief addressing the issue. Counsel has done so,[3] correctly arguing that, pursuant to **Commonwealth v. Mann**, 957 A.2d 746 (Pa. Super. 2008), the trial court was required to apply credit for time served to Pisor's new sentence—rather than to his back time—because he was

_____

[2] **Anders v. California**, 386 U.S. 738 (1967). **See also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

[3] The Commonwealth advised this Court that it would not be filing a brief in this matter and that it did not object to Pisor's request that the case be remanded for proper application of credit for time served. **See** Letter from Mark A. Lope, Assistant District Attorney, 7/21/21.

"incarcerated prior to disposition and had both a detainer and [] failed . . . to satisfy bail." *Id.* at 751. ***See also Commonwealth v. Gibbs***, 181 A.3d 1165, 1168 (Pa. Super. 2018) (trial court required to credit time served prior to disposition of new offenses against new sentence where defendant had detainer and did not satisfy bail on new offenses).

Because the trial court improperly applied credit for time served to Pisor's original sentence, we vacate the judgment of sentence and remand. The court is instructed to apply credit to the balance of Pisor's new sentence for all the time he was in custody between his arrest on the new charges and his sentencing for those offenses. In the event the credit exceeds his remaining time, it may be applied to his original sentence. ***See Gibbs***, 181 A.3d at 1168.

Judgment of sentence vacated; case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/2021