J-S16031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN WILLIAM POWELL | : | |
| | : | |
| Appellant | : | No. 1557 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 3, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000371-2020

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED: AUGUST 29, 2022**

Ryan William Powell appeals from the judgment of sentence imposed following a jury trial in which he was found guilty of indecent assault. ***See*** 18 Pa.C.S.A. § 3126(a)(7). For that offense, Powell was sentenced to, *inter alia*, nine to twenty-three months of incarceration, to be followed by three years of probation. On appeal, Powell singularly requests for this Court to remand so that the lower court can award credit for time that he spent incarcerated prior to and after sentencing. We agree that Powell is due credit, vacate his judgment of sentence, and remand for further proceedings.

The facts underpinning Powell's conviction are not particularly relevant to the present appeal. Briefly, the victim, who was then fourteen, reported to a teacher about two separate incidents of sexual assault that had occurred

---

*\* Retired Senior Judge assigned to the Superior Court.*

when she was approximately eight. Powell had been dating the victim's mother at the time of the assaults. The victim conveyed that Powell used his hands and genitals to touch and enter the victim's genitals. Moreover, the victim indicated that Powell forcefully removed her bottoms and then removed his own pants.

While Powell initially denied any sexual interactions with the victim, he later stated that he had a "birds and bees" talk with the victim, which was prompted by the victim seeing pornographic images on his laptop. During that conversation, Powell was not wearing underwear and his penis was exposed to the victim through a hole in his pants, which the victim noted at the time.

After he was arrested, based on what has been proffered by the parties, Powell spent one night in jail and was released the next day when he posted bail. Following his jury trial and sentencing, Powell was again arrested after the court issued a bench warrant for failure to appear to serve his sentence. However, the day before he was due to report, Powell motioned the court for bail pending appeal. While the court eventually set the conditions of bail pending appeal, Powell spent nine days in jail between this second arrest and subsequent release.

Powell timely filed a notice of appeal. While he raised three issues in his Pennsylvania Rule of Appellate Procedure 1925(b) statement, Powell has elected to proceed with only one of those claims. Powell asks: is he entitled to remand for the entry of a proper amount of sentence credit where he was

incarcerated for a minimum of nine days total before and after sentencing but awarded no credit? ***See*** Appellant's Brief, at 4.

At sentencing, Powell was not awarded any credit for his time served. The record also reflects no additional consideration of any time that he spent in jail related to, but not specifically pursuant to, his sentence.

The court found "no documentation confirming [Powell's] time incarcerated. Additionally, [Powell] never requested any credit against his sentence during the sentencing hearing … [or in a post-sentence motion]." Trial Court Opinion, 1/31/22, at 6. Powell "failed to raise this issue prior to filling an [a]ppeal with the Superior Court." ***Id***. However, the lower court requests remand so that it can review the credit Powell is due and to update his sentencing order accordingly. ***See id***. The Commonwealth materially is in agreement with the lower court's conclusion. ***See*** Appellee's Brief, at 10 ("[T]he Commonwealth concedes that [Powell] was entitled to credit on his sentence for time served but was not awarded it[.] . . . [R]emand is appropriate for purposes of correcting the sentencing order to award the proper credit.")

Under Pennsylvania law, a court is obliged to credit a defendant in the following situation:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

Here, when he was first arrested, based on the parties' averments, Powell spent one night in jail, as he was able to post bail the following day. During his subsequent arrest, which came after sentencing, Powell was incarcerated for what appears to be eight days prior to his release on bail pending appeal. Based on these two periods of time, the Commonwealth contends that Powell "has therefore served a total of nine … days on his sentence." Appellee's Brief, at 10; **see also** Appellant's Brief, at 11 (framing, in addition to the former one day of credit, the latter eight days as "a minimum" of time in which Powell is entitled).

The fact that Powell did not request a credit for his time spent incarcerated, either at sentencing or in a post-sentence motion, is not fatal. "A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." **Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa. Super. 2018) (citation omitted). "[I]f the sentence clearly implicates the legality of sentence, whether it was properly preserved below is of no moment, as a challenge to the legality of sentence cannot be waived." **Commonwealth v. Dickson**, 918 A.2d 95, 99 (Pa. 2007) (citation omitted). As such, Powell was free to raise this issue of credit entitlement on appeal.

Powell concedes that "the trial court is correct that the record is ambiguous as to exactly when Powell was incarcerated and released after sentencing[.]" Appellant's Brief, at 12. With that in mind, we remand for the

court to ascertain the precise amount of time Powell is due for crediting purposes and instruct that a new sentencing order be established, reflective of that new calculation.[1]

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/29/2022

---

[1] While the Commonwealth admits that Powell served time after he had been sentenced, it writes that "[a]ny time served on this case *after* his sentence began should be properly credited to his sentence by the prison without need for a new order." Appellee's Brief, at 9 (emphasis added). To the extent this proposition is correct, we implore the court to use its best judgment in crafting the new sentencing order.