J-A25025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL JOHN KEATING | : | |
| | : | |
| Appellant | : | No. 1111 WDA 2021 |

Appeal from the Judgment of Sentence Entered August 10, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005024-2020

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: JANUARY 10, 2023**

Appellant Carl John Keating appeals from the judgment of sentence imposed following an open guilty plea. Appellant challenges the legality, and discretionary aspects of his sentence. Following our review, we vacate the judgment of sentence and remand for resentencing.

As we write for the parties, we need not set forth a detailed recitation of the factual history. Briefly, Appellant was arrested for an incident that occurred on December 11, 2019. Thereafter, the Commonwealth filed an information charging Appellant with homicide by vehicle while driving under influence (DUI); homicide by vehicle; involuntary manslaughter; altered, forged, or counterfeit documents and plates; two counts of recklessly endangering another person (REAP); two counts of DUI; and seven summary

violations of the Motor Vehicle Code.[1] Appellant entered an open guilty plea on May 12, 2021. The Commonwealth agreed to withdraw the charge of homicide by vehicle while DUI, and Appellant pled guilty to the remaining offenses. On August 10, 2021, the trial court sentenced Appellant to a term of forty-five months to ninety months' incarceration for homicide by vehicle; two consecutive terms of twelve to twenty-four months' incarceration for the two counts of REAP; a concurrent term of one month and fifteen days to three months' incarceration, followed by six months' probation for one count of DUI; a consecutive term of five years' probation for altered, forged, or counterfeit documents or plates; and imposed a total of $656.00 in fines for the seven summary offenses.[2] Appellant's aggregate sentence is 70½ to 141 months' incarceration,[3] followed by 5 years' probation, plus the fines.

_____

[1] 75 Pa.C.S. §§ 3735(a), 3732(a), 18 Pa.C.S. § 2504(a), 75 Pa.C.S. § 7122(3), 18 Pa.C.S. § 2705, 75 Pa.C.S. §§ 3802(d)(1), 3802(d)(2), 3736(a), 3361, 3362(a)(3), 3309(1), 3367(b), 4703(e), and 4730(a)(2), respectively.

[2] The trial court concluded that Appellant's involuntary manslaughter conviction merged with his homicide by vehicle conviction, and that his second DUI conviction merged with his first DUI conviction for sentencing purposes. *See* Sentencing Order, 8/10/21, at 1.

[3] The trial court granted Appellant ninety days' credit for time served on the first DUI conviction and ordered that he be immediately paroled for that conviction. *See* Sentencing Order, 8/10/21, at 1, 3. The trial court did not include the DUI sentence in its calculation of Appellant's aggregate sentence. *See* Trial Ct. Op., 1/27/22, at 2-3 (stating "[i]n total, [Appellant] was sentenced to an aggregate sentence of **69-138 months'** imprisonment and 5 years of probation (footnote omitted and emphasis added)).

Appellant filed a timely post-sentence motion, which the trial court denied on August 18, 2021. Appellant then filed a timely notice of appeal. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our review:

1. Did the sentencing court impose an illegal sentence at count 2 of [forty-five] to [ninety] months of imprisonment, as it is longer than the maximum permissible sentence for a felony of the third-degree?

2. Was the aggregate sentence imposed manifestly excessive, unreasonable, contrary to the dictates of the Sentencing Code and an abuse of the sentencing court's discretion? Specifically, did the sentencing court improperly focus upon the seriousness of the offense, as well as [Appellant] having successfully completed mental health court in the past, when imposing sentence? Despite the resolution of the first issue, and for this additional reason, should [Appellant's] case be remanded for a new sentencing hearing?

Appellant's Brief at 8.

**Legality of Sentence**

In his first issue, Appellant argues that the sentence imposed for his homicide by vehicle conviction is illegal because it is greater than the lawful maximum permitted for a third-degree felony conviction. Appellant's Brief at 15. Specifically, Appellant claims that the trial court sentenced Appellant to a maximum term of seven-and-one-half years' imprisonment, which exceeded the statutory maximum of seven years. *Id.*

The Commonwealth agrees that the trial court imposed an illegal sentence for Appellant's homicide by vehicle conviction. Commonwealth's Brief at 13. The Commonwealth contends that the sentence exceeds the

statutory maximum sentence for a felony of the third degree, and requests that this Court vacate Appellant's judgment of sentence and remand for resentencing. *Id.*

Because the legality of a sentence raises questions of law, our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Gibbs***, 181 A.3d 1165, 1166 (Pa. Super. 2018). Challenges to the legality of a sentence cannot be waived. ***Commonwealth v. Rivera***, 238 A.3d 482, 503 (Pa. Super. 2020).

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. Likewise, a sentence that exceeds the statutory maximum is illegal. If a court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.

***Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013) (citations and quotation marks omitted).

Homicide by vehicle is graded as a felony of the third degree. 75 Pa.C.S. § 3732(a). The Crimes Code states that the maximum possible sentence for a felony of the third degree is a term of imprisonment of "not more than seven years." 18 Pa.C.S. § 1103(3).

The trial court did not address this issue in its Rule 1925(a) opinion, because Appellant raised it for the first time in his appellate brief.

Here, we agree with Appellant that his sentence is illegal and must be vacated. ***See Gibbs***, 181 A.3d at 1166. Our review of the record indicates that the trial court sentenced Appellant to a maximum term of ninety months,

- 4 -

*i.e.*, seven-and-one-half years, of incarceration for homicide by vehicle. ***See*** Sentencing Order, 8/10/21, at 1. This sentence is illegal because it exceeds the statutory maximum for a felony of the third degree. ***See Infante***, 63 A.3d at 363; 18 Pa.C.S. § 1103(3).

For these reasons, we conclude that Appellant's sentence is illegal, and we are constrained to vacate the judgment of sentence and remand for resentencing.[4] ***See Gibbs***, 181 A.3d at 1166; ***Infante***, 63 A.3d at 363; ***see also Commonwealth v. Thur***, 906 A.2d 552, 569 (Pa. Super. 2006) (stating that if this Court's "disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan" (citation omitted)).

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

_____

[4] In light of our disposition, we decline to address Appellant's claim regarding the discretionary aspects of his sentence. ***See Commonwealth v. Barnes***, 167 A.3d 110, 125 n.13 (Pa. Super. 2017) (*en banc*) (concluding that when this Court remands a matter for resentencing, the Court need not address the defendant's challenge to the discretionary aspects of his sentence, and stating that "[w]hen a sentence is vacated and the case remanded for resentencing, the sentencing judge should start afresh" (citation omitted)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  01/10/2023