J-S35019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                        :          PENNSYLVANIA
                                        :
              v.                      :
                                        :
                                        :
JOSE RAFAEL MARTINEZ             :
                                        :
          Appellant            :       No. 330 MDA 2022

Appeal from the Judgment of Sentence Entered January 20, 2022
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0001779-2019

BEFORE:    BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JANUARY 24, 2023**

Jose Rafael Martinez appeals from the judgment of sentence entered following his guilty plea to driving under the influence of alcohol ("DUI") (second offense) and simple assault.[1] He challenges the discretionary aspects of his sentence and claims the court failed to award credit for time served. We find the discretionary aspects of sentencing claim meritless. We vacate the judgment of sentence and remand to the trial court to determine whether Martinez is entitled to credit for time served and, if so, ascertain the amount of, and award, credit.

Martinez was arrested in October 2019 for driving while under the influence of alcohol and spitting on a police officer. On October 27, 2019, the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(a)(1) and 18 Pa.C.S.A. § 2701(a)(1), respectively.

court set a monetary bond amount of $75,000 and, on November 26, 2019, changed the bond to an unsecured bond. Criminal Docket, No. MJ-08303-CR-0000580-2019, filed Dec. 6, 2019, at 2; Commitment, dated Oct. 27, 2019, No. MJ-08303-CR-0000580-2019; Bail Bond, dated Nov. 26, 2019, No. MJ-08303-CR-0000580-2019; *see also* Criminal Docket, No. MJ-08303-CR-0000580-2019, at 1 (reflecting an arrest date of Oct. 27, 2019, and confinement period from Oct. 27, 2019 to Nov. 26, 2019).

In August 2021, Martinez pleaded guilty to DUI and simple assault. In January 2022, the trial court sentenced him to one to two years' incarceration.

The trial court noted that the standard guideline range for DUI was three to six months and the standard range for simple assault was 12 to 18 months. N.T., Jan. 20, 2022, at 4. Martinez's counsel pointed out that all the prior offenses, except for a 2018 DUI conviction, were more than 15 years old, and that Martinez had been working as a custodian for the past two years. Counsel further informed the court that Martinez suffered from cardiovascular disease, had undergone a coronary bypass in 2015, and currently had a defibrillator. He presented a letter from Martinez's medical provider stating that Martinez is "currently capable of doing activities of daily living and light exertion," but "not likely to tolerate heavy exertion and a high stress environment." *Id.* at 5. The medical provider also stated that Martinez required frequent follow-up and defibrillator checks. *Id.* at 6. Counsel asked that the court impose a mitigated sentence and "possibly allow him to serve his sentence on house arrest," so he could follow up with his medical treatment. *Id.* at 5-6.

Before imposing sentence, the court stated the sentence was "[b]ased upon the plea agreement, the sentencing guideline information, and the statements made here today primarily by counsel for [Martinez], noting that [Martinez] elected not to say anything." *Id.* at 6-7. The court sentenced Martinez to a period of three to six months for DUI and one to two years for simple assault, to be served concurrently. Neither the court nor the parties mentioned credit for time served, and the sentencing order did not award credit.

In February 2022, Martinez filed a notice of appeal and a motion for qualified bail, wherein he requested that the Court release him on bail while his case was pending on appeal. He did not file a post-sentence motion. The court denied the motion for qualified bail.

Martinez raises the following issues:

> The question(s) involved in this APPEAL relate to whether reversible error was committed in entering the aforementioned ORDER(s) and accompanying OPINION(s) in deciding whether circumstances of this case meet the prerequisite(s) for granting a modification of sentence; specifically whether:
>
> a. The Northumberland County PA Court of Common Pleas failed to adequately weigh the standards set forth in 42 Pa.C.S.A § 9721(b) when imposing an excessive aggregate sentence of one (1) to two (2) year(s) state imprisonment for a guilty plea to the aforesaid charge(s) in light of mitigating circumstances regarding [Martinez's] medical condition.
>
> b. The Northumberland County PA Court of Common Pleas improperly failed to articulate reason(s) for not considering the least restrictive sentencing alternative(s) available (i.e., "house arrest") in imposing an excessive aggregate

> sentence of one (1) to two (2) year(s) state imprisonment for a guilty plea to each of one (1) count of Simple Assault under 18 Pa.C.S.A § 2701(a)(1) and (1) count of Driving Under the Influence of Alcohol or Controlled Substance under 75 Pa.C.S.A § 3802(a)(1), with [Martinez] receiving no credit for time served.

Martinez's Br. at 7 (trial court ruling omitted).

Martinez argues the trial court failed to adequately weigh the sentencing factors and imposed an excessive aggregate sentence. Martinez points out the letter from his treating physician stated that he had cardiovascular disease, which required frequent follow-up and defibrillator checks, and he likely would not be able to tolerate heavy exertion or a high stress environment. He further argues the trial court erred in failing to articulate reasons for not considering the least restrictive sentencing alternative, that is, house arrest.

There is no absolute right to appeal the discretionary aspects of a sentence. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Rather, before addressing a challenge to discretionary aspects of sentence, must determine whether the appellant: (1) filed a timely notice of appeal; (2) properly preserved the sentencing issue at sentencing or in a motion to reconsider or modify sentence; (3) included in the appellate brief a concise statement of the reasons relied upon for appeal; and (4) has asserted a substantial question that the sentence is not appropriate under the Sentencing Code. **See Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013); 42 Pa.C.S.A. § 9781(b). "[I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case." **Austin**, 66 A.3d at 808 (citation omitted).

- 4 -

Martinez failed to preserve his discretionary aspects of sentencing issue at sentencing or in a post-sentence motion and therefore waived the claim on appeal. *Cartrette*, 83 A.3d at 1042-43 (finding issue waived when not raised at sentencing or in post-sentence motion). Because he waived the claim, we do not reach its merits.

Martinez states at numerous places in his brief that he did not receive credit for time served. Such a claim is a challenge to the legality of his sentence and non-waivable. *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa.Super. 2018) (citation omitted); *Commonwealth v. Dickson*, 918 A.2d 95, 99 (Pa. 2007) (citation omitted).

Under Pennsylvania law, a court is obliged to credit a defendant in the following situation:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

It appears that that Martinez originally was held on a $75,000.00 monetary bond and later was released on an unsecured bond. Accordingly, Martinez may be eligible for credit for time served. *See* 42 Pa.C.S.A. § 9760(1). Therefore, we vacate and remand for the court to ascertain whether Martinez is eligible for credit for time served and, if so, to determine the

amount of time Martinez is due for crediting purposes. The court shall issue a new sentencing order reflecting its determinations.[2]

Judgment of sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/24/2023

---

[2] The record includes a "state credit memo" dated March 29, 2022, from Camp Hill to Northumberland County Prison stating: "Credit: 10/27/2019 to 11/26/2019." The docket states that Martinez's sentence includes 31 days' credit for time served. Criminal Docket, No. CP-49-CR-0001779-2019, at 4 (printed 6/15/22). However, the sentencing order, which is controlling, contains no award of credit.