J-S04038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DYLAN THOMAS ENGELS :
:
Appellant : No. 1381 EDA 2022

Appeal from the Order Entered April 22, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-0000650-2016

BEFORE: MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED MARCH 13, 2023**

Dylan Thomas Engels (Engels) appeals from the order entered in the Court of Common Pleas of Pike County (trial court) addressing his entitlement to credit for time served following revocation of his parole and probation. Engels contends that his sentence is illegal because the trial court's award of credit for time served was incorrect. We vacate the order and remand for the limited purpose of allowing the court to re-examine the appropriate credit for time served.

**I.**

On December 19, 2016, the Commonwealth charged Engels with multiple offenses arising from a May 2016 incident where he drove his vehicle

_____

[*] Retired Senior Judge assigned to the Superior Court.

under the influence of marijuana, went off the road in front of another car, had an altercation with the driver and punched him in the ear him with a closed fist. When the responding Pennsylvania State Police Officers informed Engels that he was under arrest, he resisted and fled on foot. On February 21, 2017, Engels entered a guilty plea to one count each of driving under the influence of a controlled substance, escape and simple assault.[1] On April 20, 2017, the trial court sentenced Engels to an aggregate term of 72 hours to 6 months' incarceration, followed by 18 months of probation.

Because of numerous violations of probation, including Engels' failure to report to his initial violation hearing in July 2020 and his arrest by New York State Police in November 2020, the Pike County Probation Department filed an Amended Petition in Violation of Parole/Probation. At an April 2021 hearing, Engels admitted to the violations, with the sanctions portion of the proceeding continued.

At the March 3, 2022 revocation hearing, the trial court heard argument from defense counsel and the Commonwealth on the issues of sanctions and the award of credit for time served, with the defense contending that Engels was entitled to an additional 106 days of credit. The trial court revoked Engels' parole retroactive to October 16, 2017, and remanded him to the county jail for balance of his term until June 20, 2022, and without consideration for re-

---

[1] 75 Pa.C.S. § 3802(d)(1)(i), 18 Pa.C.S. §§ 5121(a), 2701(a)(1).

parole. The trial court denied Engels' request for additional credit for time served and advised him of his right to file a post-sentence motion on the issue. The trial court entered a corrected order on March 17, 2022 (retaining the original order date of March 3) to correct minor typographical errors in the count numbers in the original order, with the text otherwise identical.

Engels filed a petition for reconsideration of sentence on March 24, 2022, raising the issue of credit for time served. The trial court entered an order on April 22, 2022, granting the petition in part and denying it in part, adjusting its previous award of credit for time served by one day and finding "that the remaining time for which the Defendant seeks credit was already credited to the Defendant in Orders entered on April 20, 2017, June 29, 2017, September 7, 2017 and March 3, 2022." (Order, 4/22/22). Engels timely appealed and he and the trial court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).

## II.

Engels contends that his sentence is illegal because the trial court failed to award him the correct amount of credit for time served. (*See* Engels' Brief, at 10-12).[2] Engels maintains that he is entitled to 106 additional days of credit for time served for the periods from May 22 until May 23, 2016; April 20 until

---

[2] Because a challenge to the trial court's award of credit for time served involves the legality of sentence and raises a question of law, our standard of review is *de novo* and our scope of review of plenary. *See Commonwealth v. Vidal*, 198 A.3d 1097, 1100 (Pa. Super. 2018).

April 25, 2017; June 12, 2017 until September 18, 2017; and November 5, 2020 until November 7, 2020. (*See id.* at 10).

The Pennsylvania Sentencing Code provides in relevant part as follows:

**§ 9760. Credit for time served.**

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

* * *

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760(1), (2), (4).

This statutory provision "does not specifically contemplate credit for time served following a parole violation and revocation." ***Commonwealth v.***

- 4 -

*Gibbs*, 181 A.3d 1165, 1167 (Pa. Super. 2018). However, pursuant to controlling case law, "this credit statute mandates an offender receive credit for all incarceration served before sentencing for which he is being detained in custody." *Id.* (citation omitted). Additionally, a defendant may receive credit only once for time served. *See Commonwealth v. Merigris*, 681 A.2d 194, 195 (Pa. Super. 1996), *appeal denied*, 693 A.2d 587 (Pa. 1997).

In this case, as outlined above, the trial court pointed to its previous orders as already awarding the credit for time served that Engels is now seeking.

Our review indicates that these orders provide the following information, respectively: April 20, 2017 Order—no credit referenced; June 29, 2017 Order—time credit from 6/12/17 to 6/29/17 awarded; September 7, 2017 Order—no credit awarded; March 3, 2022 Order—time credit from 4/12/20 to 4/15/20 and 11/03/20 to 11/06/2020 awarded, along with various 2021-22 dates; and 4/22/22 Order—time credit from 5/22/16 to 5/23/16 awarded. Although some of these dates overlap with the credit for time served Engels contends he is still entitled, the time frames do not directly correspond and are largely inconsistent.

Based on the foregoing, we conclude that it is unclear whether Engels is entitled to additional credit in this case for time he spent incarcerated, and we are not able to discern the circumstances surrounding his multiple periods of incarceration since 2016 or whether this time was credited against another

sentence. Accordingly, out of caution for ensuring that the amount of credit for time served is correct, we remand for the trial court to explain how it calculated credit for time served.

Order vacated. Case remanded for re-calculation of time served. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2023