J-S30022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMELIA WEIKEL | : | |
| | : | |
| Appellant | : | No. 2301 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 30, 2021
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000059-2021

BEFORE:     STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY McCAFFERY, J.:                    **FILED JUNE 2, 2023**

Amelia Weikel (Appellant) appeals from the judgment of sentence entered in the Wayne County Court of Common Pleas, following her guilty plea to receiving stolen property.[1]  Previously, on April 26, 2023, this panel: (1) remanded for the trial court to file a supplemental opinion, to address a sentencing credit issue raised in the ***Anders***[2] brief filed by Appellant's attorney, John Martin, II, Esquire (Counsel).  We now vacate Appellant's judgment of sentence and remand for re-calculation of sentencing credit.  We

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3925(a).

[2] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

also: (1) deny Appellant's May 16, 2023, application to withdraw the appeal; and (2) deny as moot her May 19th application to strike the May 16th application.

A discussion of the underlying facts and procedural history may be found in this panel's April 26, 2023, memorandum. We summarize the trial court imposed 10 to 30 months' imprisonment, and granted 204 days' sentencing credit. In a post-sentence motion, Appellant sought additional sentencing credit, but was denied relief.

On appeal to this Court, Counsel's **Anders** brief raised a single issue: whether Appellant was entitled to the additional sentencing credit. This panel observed the trial court's opinion, **Anders** brief, and the Commonwealth's brief all lacked discussion of relevant legal authority, and furthermore, the record was not clear as to whether Appellant had satisfied bail on the instant charges.[3] We thus concluded we were unable to review the merits of the issue, and remanded for the trial court to file a supplemental opinion. We also denied Counsel's petition to withdraw from representation.

---

[3] **See Commonwealth v. Gibbs**, 181 A.3d 1165, 1167 (Pa. Super. 2018) ("[A]ll time served by a parole violator while awaiting disposition on new charges **must** be credited to the original sentence if the inmate remains in custody solely on a Board detainer. [However, i]f the inmate is incarcerated prior to disposition and has both a detainer and has failed for any reason to satisfy bail, the credit **must** be applied to the new sentence by the sentencing court.") (citation omitted).

While the matter was remanded, Appellant's counsel filed, on May 4, 2023, an application to withdraw this appeal. On May 15th, this panel denied the application, without prejudice for Appellant to refile it **with** a discussion of the reasons for the withdrawal, confirmation that Counsel consulted with Appellant, and proof of service of the new application on Appellant. On May 16th, Appellant filed a second application to withdraw.

Next, on May 18, 2023, the trial court filed the supplemental opinion. This brief opinion: (1) explained Appellant failed to post bail on the instant charges; and (2) thus opined she was entitled to additional sentencing credit. The court thus requested this Court to vacate Appellant's judgment of sentence and remand for re-sentencing. On May 19th, Appellant filed an application to strike the second application to withdraw this appeal; she stated she wished to continue litigating this appeal.

In light of the foregoing, we DENY Appellant's May 16, 2023, application to withdraw the appeal, and DENY AS MOOT her May 19th application to strike the May 16th application. Consistent with the trial court's supplemental opinion, we vacate the judgment of sentence and remand for resentencing, limited solely to the calculation of sentencing credit.

Judgment of sentence vacated and case remanded for resentencing. Appellant's May 16, 2023, application to withdraw appeal denied. Appellant's May 19, 2023, application to strike the application to withdraw appeal denied as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2023