J-S10019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
ALTAWUAN TYRELL MOORE :
:
Appellant : No. 1083 MDA 2024

Appeal from the Judgment of Sentence Entered June 26, 2024
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000321-2022

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                         **FILED: MAY 21, 2025**

Appellant, Altawuan Tyrell Moore, appeals from the June 26, 2024 judgment of sentence entered in the Court of Common Pleas of Lackawanna County after the trial court revoked Appellant's parole.  The trial court imposed a recommitment sentence of 9 months to 23 months and 15 days' incarceration.  We affirm.

A review of the record reveals that, on September 27, 2022, Appellant pleaded guilty to indecent assault – complainant less than 16 years of age.[1]

_____

[1] 18 Pa.C.S.A. § 3126(a)(8); **see also** Guilty Plea Colloquy, 9/27/22; N.T., 9/27/22, at 7.  Appellant's conviction arose from his inappropriate sexual contact with his then-12-year-old niece.  Affidavit of Probable Cause, 1/25/22. Initially, Appellant was charged with corruption of minors – sexual offense, 18 Pa.C.S.A. § 6301(a)(1)(ii), and indecent assault – complainant less than 13 years of age, 18 Pa.C.S.A. § 3126(a)(7).  Information, 3/16/22.  Prior to Appellant pleading guilty, the Commonwealth amended the criminal information such that Appellant was charged with indecent assault under

On February 15, 2023, the trial court sentenced Appellant to 9 months to 23 months and 15 days' incarceration, with 117 days of credit for time served.[2] Sentencing Order, 2/15/23.

On January 3, 2024, the trial court ordered that Appellant be paroled, and Appellant was released from incarceration on January 16, 2024.[3] On April 4, 2024, Appellant waived his right to a *Gagnon I* hearing, and the trial court subsequently found that probable cause existed to show Appellant violated his parole for failure to maintain regular contact with his parole officer.[4] The trial court issued a *capias* for Appellant's arrest and detention. Appellant was taken into custody on May 4, 2024.

_____

Section 3126(a)(8), as well as corruption of minors. N.T., 9/27/22, at 2-3. When Appellant pleaded guilty to indecent assault under Section 3126(a)(8), the trial court *nolle prossed* the criminal charge of corruption of minors.

[2] The trial court ordered Appellant to, *inter alia*, undergo a drug and alcohol evaluation, participate in sexual offenders counseling, and have no contact with the victim. Appellant was also ordered to register as a sexual offender for 25 years under Subchapter H of the Sex Offender Registration and Notification Act ("SORNA"), codified at 42 Pa.C.S.A. §§ 9799.11 to 9799.40. Sentencing Order, 2/15/23; *see also* N.T., 2/15/23, at 8-9.

[3] In the order granting Appellant's parole, the trial court ordered Appellant "to serve the unexpired portion of [his] sentence [by reporting to] the Lackawanna County Probation/Parole Department." Trial Court Order, 1/3/24. The trial court further ordered that Appellant be transported to the Jubilee Ministries Aftercare Program in Lebanon, Pennsylvania and to "physically report to the Lackawanna County Adult Probation Office upon completion of his treatment." *Id.*

[4] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *see also Commonwealth v. Ferguson*, 761 A.2d 613 (Pa. Super. 2000).

- 2 -

On June 26, 2024, the trial court conducted a *Gagnon II* hearing and revoked Appellant's parole.[5] That same day, the trial court recommitted Appellant to a term of 9 months to 23 months and 15 days' incarceration, with credit for time served, and immediately paroled Appellant. Sentencing Order, 6/27/24; *see also* N.T., 6/26/24, at 4. As part of its sentencing order, the trial court stated that the "new effective date" of Appellant's sentence was March 28, 2023, and the "new maximum date" of his sentence was March 15, 2025. Sentencing Order, 6/27/24. This appeal followed.[6]

Appellant raises the following issue for our review:

> Did the trial court abuse its discretion by resentencing [Appellant] and adjusting the minimum and maximum terms of his sentence and not awarding credit for time served while incarcerated and for good street time?

Appellant's Brief at 2.

Appellant's challenge to the trial court's award of credit for time served implicates the legality of the sentence for which our standard and scope of review are well-settled. *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018). Because issues relating to the legality of a sentence are

---

[5] At the revocation hearing, Appellant stipulated to a technical violation of his parole, namely that he failed to report to his parole officer in Lackawanna County. N.T., 6/26/24, at 2.

[6] Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Id.***

> Section 9760 of the Sentencing Code provides, in pertinent part, that
>
> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1). This Court previously noted that, while Section 9760 of the Sentencing Code "does not specifically contemplate credit for time served following a parole violation and revocation[,]" our Supreme Court has long-held that "this credit statute mandates an offender receive credit for all incarceration served before sentencing for which he [or she] is being detained in custody." ***Gibbs***, 181 A.3d at 1167, *citing* ***Gaito v. Pennsylvania Bd. of Prob. and Parole***, 412 A.2d 568 (Pa. 1980). Therefore, a defendant is entitled to receive credit for any incarceration served as a result of his or her arrest due to a parole violation.

In the case *sub judice*, Appellant stipulated to violating the conditions of his parole, and the trial court subsequently revoked his parole. As a result of the parole revocation, the trial court recommitted Appellant to a term of 9 months to 23 months and 15 days' incarceration on June 26, 2024. The trial

court "back dated" the effective date of the sentence to March 28, 2023.[7] Based upon the effective date of his recommitment sentence, Appellant's maximum sentence date was calculated as March 15, 2025.

Appellant asserts that, to properly credit the days he spent in pre-recommitment incarceration (May 4, 2024, to June 26, 2024), the trial court was required to calculate the effective date of his recommitment sentence by crediting the aggregate days for time served (458 days, according

_____

[7] The trial court and Appellant incorrectly refer to Appellant being entitled to receive 55 days of credit for his pre-recommitment incarceration (May 4, 2024, to June 26, 2024). Trial Court Opinion, 9/12/24, at 3 (stating, Appellant "was given credit for 55 days between May 4, 2024[,] and June 26, 2024); *see also* Appellant's Brief at 10 (stating, "Appellant was incarcerated as a result of his arrest on the *capias* from May 4, 2024, through June 26, 2024" which amounts to 55 days of credit for time served). The DC-300B form also indicated incorrectly that Appellant was entitled to 55 days of credit for time served but this calculation, while mathematically correct (55 days) based upon the dates displayed on the form, was calculated using a sentencing date of June 27, 2024, and not June 26, 2024. DC-300B Form, 8/28/24, at 2 (stating, credit for time served from May 4, 2024, to June 27, 2024, is 55 days). Appellant's pre-recommitment incarceration, which began with his arrest and detention on May 4, 2024, and ended when the trial court imposing its recommitment sentence on June 26, 2024, constitutes 54 days, and not 55 days, of incarceration.

The trial court did, however, correctly calculate the effective date of Appellant's recommitment sentence as March 28, 2023, by awarding 457 days of credit for time served. The 457-day credit was comprised of Appellant's pre-trial custody (February 1, 2022, to April 8, 2022; 67 days), his post-sentence incarceration until his first parole (February 15, 2023, to January 16, 2024; 336 days), and his arrest due to a parole violation until his recommitment (May 4, 2024, to June 26, 2024; 54 days). The aggregate number of days Appellant was entitled to receive as a credit for time served was 457 days.

to Appellant) starting from his arrest date of May 4, 2024.[8] Appellant's Brief at 11. According to Appellant, the effective date of his recommitment sentence should have been February 1, 2023, and the maximum date of his sentence should have been February 15, 2025. *Id.* Appellant's mathematical calculation and application of pertinent case law, however, is incorrect.

As of May 4, 2024, Appellant had not yet served the 54 days of pre-recommitment incarceration resulting from his arrest for a parole violation (May 4, 2024) until the date his recommitment sentence was imposed (June 26, 2024). Therefore, as of May 4, 2024, he was only entitled to 403 days of credit for time served. It was only **after** Appellant served his pre-recommitment incarceration that the 54 days could be applied as a credit for time served. In fashioning the effective date of Appellant's recommitment sentence imposed on June 26, 2024, the trial court awarded Appellant 457 days of credit for time served and calculated the effective date of his sentence as March 28, 2023. Therefore, we discern no error of law or abuse of discretion in the trial court's calculation of, or application of, Appellant's credit for time served.[9]

_____

[8] Appellant's calculations and argument are based on an incorrect belief that he is entitled to receive 458 days of credit for time served. Appellant's Brief at 10-12. As discussed *supra*, Appellant was entitled to receive 457 days of credit for time served.

[9] To the extent Appellant asserts that the trial court erred in failing to award credit for his "good street time" earned, according to Appellant, while he participated in the Jubilee Aftercare Program, a rehabilitative program offered

by Jubilee Ministries (**see** Appellant's Brief at 11), we find this claim warrants no relief. A defendant is entitled as a matter of right to credit for time spent in custody. 42 Pa.C.S.A. § 9760(1). The term "time spent in custody" is not defined by Section 9760, or any other provision, of the Sentencing Code. **Commonwealth v. Lee**, 182 A.3d 481, 485 (Pa. Super. 2018), *citing* **Commonwealth v. Fowler**, 930 A.2d 586, 596 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008). Rather, Courts "have interpreted the word 'custody,' as used in Section 9760, to mean time spent in an institutionalized setting." **Commonwealth v. Toland**, 995 A.2d 1242, 1250 (Pa. Super. 2010), *citing* **Fowler**, 930 A.2d at 596, *appeal denied*, 29 A.3d 797 (Pa. 2011).

Whether, or not, a defendant is entitled to credit for time spent in a rehabilitation facility "turns on the question of voluntariness." **Toland**, 995 A.2d at 1250 (noting that, a defendant who "is ordered into inpatient [rehabilitation] treatment by the [trial] court[] is entitled to credit for that time"). When participation is voluntary,"[i]t is within the trial court's discretion whether to credit time spent in an institutionalized rehabilitation and treatment program as time served in custody." **Id.** at 1250-1251; **see also Fowler**, 930 A.2d at 596.

As noted by the Commonwealth and without objection from Appellant, Appellant's participation in the Jubilee Aftercare Program was not ordered by the trial court as part of Appellant's parole but, rather, was voluntary. N.T., 6/26/24, at 3. The trial court found that Appellant was not entitled to credit for the period of time he spent in the Jubilee Aftercare Program because "he was at liberty" while he participated in the program Trial Court Opinion, 9/12/24, at 3. As such, the trial court considered whether, or not, Appellant was in an "institutionalized setting" when he participated in the aftercare program and whether, or not, his participation was voluntary. We discern no abuse of discretion or error of law in the trial court's decision not to award credit for the time Appellant spent participating in the aftercare program upon his release from incarceration and while on parole. **See Toland**, 995 A.2d at 1250-1251; **see also Fowler**, 930 A.2d at 596.

Judgment of sentence affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/21/2025