J-S34022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER JACOB SPINKS | : | |
| | : | |
| Appellant | : | No. 547 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 3, 2025
In the Court of Common Pleas of Perry County Criminal Division at
No(s):  CP-50-CR-0000127-2018

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: NOVEMBER 26, 2025**

Tyler Jacob Spinks ("Spinks") appeals from the judgment of sentence imposed for his direct and technical violations of probation, asserting the revocation court did not consider his time served and should have allowed him to serve his sentence locally rather than in a State Correctional Institution. We affirm.

The facts relevant to Spinks's claim are as follows.  In January 2019, Spinks entered a guilty plea to statutory sexual assault, a felony of the second degree.  The court imposed a sentence of eleven and one-half to twenty-three months of incarceration and two years of consecutive probation.  Spinks violated his probation; in October 2021, the court resentenced him to a term of five to twenty-three and one-half months of incarceration followed by two years of probation.  Spinks again violated his probation and in December

2022, the court imposed a sentence of eleven months to the balance of his term, followed by two years of consecutive probation. **See** Order, 12/19/22.

Spinks committed a new crime in October 2024, and failed to complete his required sexual offender treatment, and therefore committed direct and technical probation violations. In March 2025, Spinks pled guilty to the new offense. The trial court ordered the preparation of an updated pre-sentence investigation report ("PSI") and calculation of the resentencing guidelines. As defense counsel acknowledged at sentencing, the standard range for Spinks's revocation sentence was between nine and sixteen months. **See** N.T., 4/3/25, at 2. The court then imposed a standard guidelines range sentence of fourteen months to four years of imprisonment to be served in a State Correctional Institution and granted Spinks credit toward his sentence from October 16, 2024, to the present. **See** Order, 4/7/25.

Spinks timely appealed and he and the trial court complied with Pa.R.A.P. 1925. This appeal followed.

Spinks raises the following issue for our review on appeal:

> Did the trial court abuse its discretion by imposing a sentence for [a] probation violation that did not account for the time already spent in jail on the same charge in light of the sentencing guidelines?

**See** Spinks's Brief at 7 (unnecessary capitalization omitted).

Although Spinks appears to challenge the failure of the trial court to properly credit him for time served, he argues his sentence "failed to take into consideration" his prior incarcerations. Spinks's Brief at 10. Although he does

not do so in a Rule 2119(f) statement, Spinks asserts he raises a substantial question concerning the discretionary aspects of sentence by claiming he received an excessive sentence, and the sentencing court relied on an impermissible factor by not accounting for his previous violations and service of prior revocation sentences on this case. **See** Spinks's Brief at 11-14. Spinks also asserts his sentence was excessive because the trial court did not properly consider his character and rehabilitative needs. **See id**. at 14-15. Finally, Spinks claims the trial court abused its discretion by declining to impose a local jail sentence particularly because a job was available for him locally. **See id**. at 15-17.

A claim that a trial court failed to award credit for time served implicates the legality of the sentence. **See Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa. Super. 2018). A defendant is entitled to credit for all time spent in custody because of the criminal charge for which a prison sentence is imposed, where that time has not been credited against another sentence. **See** 42 Pa.C.S.A. § 9760.

However, Spinks does not state the periods for which he is allegedly entitled to credit, nor whether those periods were served on this case or on another sentence, which would constitute double credit to which he is not entitled. **See Barndt v. Pennsylvania Dept. of Corrections**, 902 A.2d 589, 595 (Pa. Commw. 2006) (establishing Section 9760 does not permit credit for

time served to be awarded twice).[1]  Thus, the clear intent of Spinks's argument, as described above, is to challenge the discretionary aspects of his sentence rather than a claim the trial court improperly failed to credit him for time served.  **See** 42 Pa.C.S.A. § 9760; **Barndt**, 902 A.2d at 595.  It is that claim we address.

There is no absolute right to challenge the discretionary aspects of a sentence.  **See Commonwealth v. Hill**, 66 A.3d 359, 363 (Pa. Super. 2013).  Before reaching the merits of a discretionary sentencing claim, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

**Commonwealth v. Edwards**, 71 A.3d 323, 329–30 (Pa. Super. 2013) (citation omitted).

Objections to the discretionary aspects of sentence are waived when they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.  **See Commonwealth v. Bloom**, 341 A.3d 752, 773-74 (Pa. Super. 2025); **Commonwealth v. Hutchison**, 164 A.3d 494, 502 (Pa. Super. 2017).  Additionally, a claim is waived when first raised in a 1925(b)

---

[1] This Court is not bound by decisions of the Commonwealth Court but such decisions provide persuasive authority to which we may turn for guidance. **See Commonwealth v. Hunt**, 220 A.3d 582, 590 n.6 (Pa. Super. 2019).

statement or on appeal. **See Commonwealth v. Lawrence**, 313 A.3d 265, 284 (Pa. Super. 2024); **see also** Pa.R.A.P. 302(a).

Spinks did not assert at sentencing, in a post-sentence motion, or in his Rule 1925(b) statement his current claims the court failed to consider his prior incarceration, returned an excessive sentence, considered an improper factor, and/or did not properly weigh his mitigating circumstances. **See** N.T., 4/3/25, at 1-8; Spinks's 1925(b) Statement, 5/1/25.[2] His sentencing challenge is thus unreviewable. **See Bloom**, 341 A.3d at 773-74; **Hutchison**, 164 A.3d at 502.

Even if Spinks were able to overcome his failure to preserve his claim at sentencing or in a post-sentence motion to modify sentence, he also failed to preserve those claims in his 1925(b) Statement, which is an independent basis for finding the claim waived. **See Lawrence**, 313 A.3d at 284; **see also** Pa.R.A.P. 302(a).[3]

---

[2] In his 1925(b) Statement, Spinks asserted as grounds for relief he should have received a local sentence "due to the standard range and credit he has already accrued," and "a State issued [sic] sentence is harsh in light of his credit accrued." **See** Spinks's 1925(b) Statement, 5/1/25, at 2 (unnumbered).

[3] Additionally, Spinks's claim he should have received a county sentence rather than a state sentence could only state a substantial question where Spinks articulates a claim his sentence violates a particular provision of the sentencing guidelines. **See Commonwealth v. Hartle**, 894 A.2d 800, 806 (Pa. Super. 2006). He makes no such assertion.

Spinks's claim would not merit relief even if it were reviewable. As the trial court explains, Spinks's sentence of fourteen months to four years of incarceration was within the standard range of the Resentencing Guidelines and the instant violations constituted his *third* violation of probation from his original sentence and included a new crime (direct violation) and multiple violations of the conditions imposed following his conviction of a sexual offense (technical violations). *See* Trial Court's Memorandum, 6/18/25, at 2-3. Additionally, the court rejected as not credible Spinks's assertion that he could not complete sex offender counseling through no fault of his own; the court noted Spinks's failure to do so over a six year period. *See id*. at 4. Because a sentence within the standard range of the guidelines is viewed as appropriate under the Sentencing Code, *see Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010), and may only be vacated where clearly unreasonable," 42 Pa.C.S.A. § 9781(c)(2), we perceive no basis upon which Spinks may be granted relief from his standard-range sentence.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/26/2025