J-A29013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                   :         PENNSYLVANIA
                                                   :

            v.                              :
                                                   :

TARA ALLEN                            :
                                                   :

               Appellant           :     No. 381 WDA 2024

Appeal from the Judgment of Sentence Entered March 1, 2024
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000360-2014

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                     :         PENNSYLVANIA
                                                   :

            v.                              :
                                                   :

TARA ALLEN                            :
                                                   :

               Appellant           :     No. 382 WDA 2024

Appeal from the Judgment of Sentence Entered March 1, 2024
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000204-2020

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                     :         PENNSYLVANIA
                                                   :

            v.                              :
                                                   :

TARA LYNN ALLEN                   :
                                                   :

               Appellant           :     No. 383 WDA 2024

Appeal from the Judgment of Sentence Entered March 1, 2024
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000505-2020

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: January 28, 2025**

Appellant, Tara Allen, appeals from the judgment of sentence entered March 1, 2024, following the revocation of her probation. In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

On January 12, 2015, Appellant entered a negotiated guilty plea at trial court docket CP-20-CR-0000360-2014 ("Docket Number 360-2014") to access device fraud.[1] That same day, the trial court sentenced Appellant to six to 12 months' incarceration, followed by 48 months' probation.

In January 2016, the Crawford County Office of Probation and Parole (hereinafter, "Crawford County Probation and Parole") determined that Appellant violated the terms of her parole. On February 9, 2016, the revocation matter proceeded to a ***Gagnon I*** hearing.[2] Ultimately, the trial

---

[1] 18 Pa.C.S.A. § 4106(a)(1)(ii).

[2] ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973); ***see also Commonwealth v. Ferguson***, 761 A.2d 613 (Pa. Super. 2000) (explaining that, when a
*(Footnote Continued Next Page)*

- 2 -

court held that probable cause existed to find Appellant in violation of her parole. On April 26, 2016, the trial court convened a *Gagnon II* hearing during which, Appellant was found to be in violation her parole. The trial court therefore revoked Appellant's parole and "ordered [Appellant's] maximum date to be recalculated, with all street time eliminated[. The trial court] also re-imposed the 48-month probationary tag." Trial Court Opinion (Docket Number 360-2014), 4/30/24, at 2.

On May 11, 2017, Crawford County Probation and Parole determined that Appellant violated the terms of her probation and asked the trial court to convene a *Gagnon II* hearing.[3] A *Gagnon II* hearing was held on June 6, 2017. Ultimately, the trial court held that Appellant violated the terms of her supervision and, as such, revoked Appellant's probation. The trial court then "resentenced [Appellant] to incarceration in a state correctional institution for a term of 12 to 36 months, followed by 12 months['] probation[.]" Trial Court Opinion (Docket Number 360-2014), 4/30/24, at 2.

On or about September 7, 2019, Appellant was charged with forgery, identity theft, and criminal attempt at docket number CP-20-CR-0000204-2020 ("Docket Number 204-2020"). Then, on or about

---

parolee or probationer is detained pending a revocation hearing, due process requires a determination at the pre-revocation hearing (*Gagnon I* hearing) of probable cause to believe a violation was committed, and upon finding of probable cause, a second, more comprehensive hearing (*Gagnon II* hearing) follows before the trial court makes its final revocation decision).

[3] Appellant waived her right to a *Gagnon I* hearing. *See* Waiver of Pre-Revocation Preliminary Hearing, 5/11/17, at 1.

December 30, 2019, Appellant was charged with access device fraud and theft by unlawful taking at docket number CP-20-CR-0000505-2020 ("Docket Number 505-2020"). On June 10, 2021, Appellant entered a negotiated guilty plea to forgery at Docket Number 204-2020 and access device fraud at Docket Number 505-2020.[4] On December 21, 2021, at Docket Number 204-2020, the trial court sentenced Appellant to eight to 16 months' incarceration, followed by 12 months' probation, with 237 days of pre-sentence incarceration credit.[5] That same day, at Docket Number 505-2020, the trial court sentenced Appellant to six to 12 months' incarceration, followed by 12 months' probation, with 85 days of pre-sentence incarceration credit. The trial court ordered the aforementioned sentences to run concurrent to each other, as well as Appellant's sentence at Docket Number 360-2014.

In light of the aforementioned charges, on April 13, 2021, the Crawford County Probation and Parole determined Appellant violated the terms of her probation at Docket Number 360-2014. As such, they asked the trial court to schedule a **Gagnon II** hearing. A **Gagnon II** hearing was held on November 19, 2021, during which the trial court "revoked [Appellant's 12-month probationary sentence and imposed a 24-month probationary sentence[.]" Trial Court Opinion (Docket Number 360-2014), 4/30/24, at 2.

---

[4] 18 Pa.C.S.A. §§ 4101(a)(3) and 4106(a)(1)(ii), respectively.

[5] Appellant, therefore, was eligible for parole at Docket Number 204-2020 on December 21, 2021. **See** Trial Court Order, 12/21/21, at *1 (unpaginated) ("You are parole eligible now").

On December 22, 2022, the Crawford County Probation and Parole determined Appellant violated the terms of her probation at Docket Number 360-2014, Docket Number 204-2020, and Docket Number 505-2020 and asked the trial court to convene a *Gagnon I* hearing.  The next day, the trial court held a *Gagnon I* hearing at all three dockets and held that probable cause existed to find Appellant in violation of her probation.  On March 2, 2023, the trial court convened a *Gagnon II* hearing for Docket Number 360-2014.  At the hearing, the trial court found that Appellant violated her probation, revoked her probation and resentenced her to "incarceration in the [Crawford County Correctional Facility ("CCCF")] on a probationary sentence with restrictive conditions of 24 months[,] with the first [five] months to be served in the [CCCF] followed by 30 days of hour arrest/electronic monitoring with coordinating drug patch application."  Trial Court Opinion (Docket Number 360-2014), 4/30/24, at 2. Thereafter, on April 25, 2023, the trial court convened a *Gagnon II* hearing at Docket Number 204-2020 and Docket Number 505-2020.  While the trial court determined that Appellant violated the terms of her supervision at the April 25, 2023 hearing, it deferred disposition "until completion of a base service unit evaluation."  Trial Court Opinion (Docket Number 204-2020 and Docket Number 505-2020), 4/30/24, at 2.  On June 30, 2023, the trial court revoked Appellant's probation,[6]

_____

[6] In its June 23, 2023 order, the trial court stated that Appellant was "deemed to have been in the probationary component of the blended sentences at
*(Footnote Continued Next Page)*

"eliminated all street time" and imposed "special conditions of probation" at Docket Number 204-2020 and Docket Number 505-2020. *Id.*

On December 27, 2023, the Crawford County Probation and Parole determined that Appellant violated the terms of her probation at Docket Number 360-2014, Docket Number 204-2020, and Docket Number 505-2020 and asked the trial court to convene a *Gagnon I* hearing. The trial court held a *Gagnon I* hearing that day and held that probable cause existed to find Appellant in violation of her probation. On January 24, 2024, the trial court convened a *Gagnon II* hearing for all three trial court dockets and determined that Appellant violated the terms and conditions of her probation. The trial court then continued the hearing until March 1, 2024 to allow for the preparation of a modified presentence investigation report. Then, on March 1, 2024, the trial court revoked Appellant's probationary sentences at all three dockets and resentenced Appellant to 24 to 60 months incarceration at a state correctional institution. The trial court, in an amended sentencing order, awarded Appellant 306 days of pre-sentence incarceration credit at Docket Number 360-2014, 256 days of pre-sentence incarceration credit at Docket Number 204-2020, and 256 days of pre-sentence incarnation credit at Docket Number 505-2020. This timely appeal followed.

_____

[Docket Number 204-2020 and Docket Number 505-2020]." Trial Court Order, 6/30/23, at *1 (unpaginated). With respect to Appellant's "effective probationary commencement date," the trial court determined that Appellant's probation at Docket Number 204-2020 started on March 1, 2022, while Appellant's probation at Docket Number 505-2020 started on September 28, 2022. *See id.*

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief. Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under *Anders*, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." *Miller*, 715 A.2d at 1207. Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the *Anders* brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355, n.5 (citation omitted); ***see also Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the ***Anders*** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. ... [T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claim raised in the ***Anders*** brief, which is as follows:

> Whether the [trial] court erred in fashioning [Appellant's] []sentence as it did not award all credit due to [] Appellant?

***Anders*** Brief at *3 (unpaginated).

On appeal, Appellant contends that, upon re-sentencing, the trial court failed to award "all [time-]credit" to her at Docket Number 360-2014. ***Anders*** Brief at *6. More specifically, Appellant argues that she "is due credit for the

[11] months that she was incarcerated at [a state correctional institution in]

. . . 2017." *Id.* at *8.

Our standard of review is well-settled:

> [T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

*Commonwealth v. Hughes*, 986 A.2d 159, 160 (Pa. Super. 2009), *appeal denied*, 15 A.3d 489 (Pa. 2011) (citations and quotation marks omitted). [7]

Section 9760 of the Sentencing Code governs the calculation of credit for time served and, in pertinent part, states:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

_____

[7] In her *Anders* brief, Appellant's counsel erroneously characterizes the instant claim as a challenge to the discretionary aspects of Appellant's sentence. *See Anders* Brief at *6 (alleging that the trial court imposed a "manifestly excessive" sentence because it did not award "all credit due to [] Appellant"); *see also id.* at *9 (claiming that Appellant's claim is waived because it "was not preserved in a post-sentence motion; therefore, the issue is technically moot"). This Court has stated, however, that a claim asserting that the trial court failed to award credit for time served implicates the legality of a sentence. *See Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018).

42 Pa.C.S.A. § 9760(1). This Court has held that "a defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." **Commonwealth v. Richard**, 150 A.3d 504, 520-521 (Pa. Super. 2016) (original quotation marks omitted) (citation omitted).

As stated in her **Anders** Brief, Appellant herein is seeking time-credit for the period that she was incarcerated in 2017. It is apparent, therefore, that Appellant is not seeking time-credit for the period she spent in custody awaiting the imposition of her revocation sentence at the March 1, 2024 **Gagnon II** hearing – the judgment from which this appeal was taken. Instead, Appellant seeks credit for a period of incarceration which followed the revocation of her probation at Docket Number 360-2014, during which she was ordered to serve 12 to 36 months' state incarceration. Appellant, however, is not entitled to credit for time served. **See Richard**, 150 A.3d at 521 ("Credit is not given . . . for a commitment by reason of a separate and distinct offense."). We therefore agree with counsel that any challenge on this basis is wholly frivolous.

Our review of the record leads us to conclude that the issue raised in counsel's **Anders** brief is utterly devoid of merit. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly,

we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished. [8]

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/28/2025

---

[8] While we grant counsel's leave to withdraw, we do so based upon the fact that our independent review confirmed her characterization of the instant appeal as wholly frivolous. We note, however, that counsel's brief was substantially lacking in her explanation of Appellant's claim of error on appeal, as well as the recitation of the procedural history of this matter. In any future filings, we advise counsel to strictly adhere to *Anders*' technical requirements.