J-S39011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY MICHAEL CHECCA | : | |
| | : | |
| Appellant | : | No. 944 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 17, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012865-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY M. CHECCA | : | |
| | : | |
| Appellant | : | No. 945 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 17, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012445-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY MICHAEL CHECCA | : | |
| | : | |
| Appellant | : | No. 946 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 17, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013086-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |

|  |  |  |
|---|---|---|
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| ANTHONY MICHAEL CHECCA | : |  |
|  | : |  |
| Appellant | : | No. 947 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 17, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0011416-2015

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| ANTHONY MICHAEL CHECCA | : |  |
|  | : |  |
| Appellant | : | No. 948 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 17, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013088-2015

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| ANTHONY MICHAEL CHECCA | : |  |
|  | : |  |
| Appellant | : | No. 949 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 17, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0013031-2015

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |

|  | : |  |
| --- | --- | --- |
| ANTHONY MICHAEL CHECCA | : | |
|  | : | |
| Appellant | : | No. 950 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 17, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0012888-2015

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: FEBRUARY 12, 2025**

Appellant, Anthony Michael Checca, appeals from the July 17, 2023, judgment of sentence entered by the Allegheny County Court of Common Pleas following the court's revocation of his probation. Appellant challenges the legality of the sentence , based *inter alia* on the court's calculation of time-served, and the discretionary aspects of the sentence. After review, we affirm.

This Court *sua sponte* consolidated Appellant's appeals at the seven above-listed dockets, which correspond to a series of crimes Appellant committed in the summer of 2015, the facts of which are not relevant to the issues before this Court. On September 7, 2017, Appellant entered into a negotiated plea agreement at the seven dockets in the Allegheny County Drug Court and received an initial sentence of 36 months of restrictive intermediate punishment with treatment recommend by the Drug Court Treatment Team.[1]

_____

[1] Specifically, Appellant pled guilty to the following crimes at the listed docket numbers: Burglary (12865-2015); Criminal Trespass (12445-2015); Burglary, Fleeing or Attempting to Elude Arrest, Driving while Operating Privilege is Suspended (13086-2015); Access Device Fraud (11416-2015); Theft by Unlawful Taking -Movable Property (13088-2015); Simple Assault, Flight to
*(Footnote Continued Next Page)*

- 3 -

In so doing, the court alerted Appellant that he faced a potential maximum sentence of 64 years of incarceration based upon his guilty pleas.

Between October 2017 and October 2020, Appellant appeared at several **Gagnon I** and **II**[2] hearings to address probation violations. During this time, he received additional drug treatment. On October 2, 2020, the court found that Appellant violated the terms of his probation and resentenced him to 36 months of intermediate restrictive punishment. Importantly, Appellant did not appeal the October 2020 judgment of sentence.

While serving his intermediate restrictive punishment sentence, Appellant committed several violations. Specifically, (1) in February 2021, Appellant tested positive for several drugs and subsequently absconded from his treatment program; (2) in December 2021, Appellant received a sentence in Beaver County for Burglary, following his arrest in April 2021; (3) on May 24, 2022, Appellant tested positive for Fentanyl, after receiving the medication in the hospital following a work injury on May 9, 2022; and (4) on February 6, 2023, Appellant attempted to use a Whizzinator during a urine drug test and admitted to using Klonopin. N.T., 7/10/23, at 8-10 (testimony of probation officer). Appellant did not contest these allegations.

During Appellant's **Gagnon II** hearing on July 10, 2023, the violation of probation court ("VOP court") acknowledged the existence of a Presentence

---

Avoid Apprehension, Driving While Operating Privilege is Suspended (13031-2015); and Access Device Fraud (12888-2015).

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

- 4 -

Report. *Id.* at 4. Additionally, Appellant's counsel averred that Appellant had "approximately 866 days of credit for time served" and that Appellant had potential employment in Arizona. *Id.* at 4-5.

Prior to sentencing, the VOP court addressed Appellant, stating, "You've had more than enough chances and you have struck out. Some people get Drug Court, some people don't." N.T., 7/10/23, at 12. The court initially imposed an aggregate sentence of 5½ to 11 years of incarceration followed by 5 years of probation.

On July 17, 2023, after counsel alerted the court to an error in the July 10th sentence, the court resentenced Appellant, imposing 5 to 10 years of incarceration followed by 3 years of probation. At the conclusion of the hearing, Appellant sought to clarify that he would get credit for time served, which he noted had been calculated at the July 10, 2023 hearing as 865 days. The court ultimately credited Appellant with 872 days of time served.

On July 27, 2023, Appellant filed a post-sentence motion, claiming *inter alia*, that the sentence was excessive and that the VOP court failed to justify the length of the sentence. On August 1, 2023, the VOP court denied the post-sentence motion.

On August 16, 2023, Appellant filed notices of appeal. The VOP court and Appellant subsequently complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I. Whether the sentences are illegal because the [VOP c]ourt revoked [Appellant's] initial probationary sentences after it had expired; thereby, making the subsequent probationary sentences

that the [VOP c]ourt revoked illegal and the current sentences also illegal?

II. Whether the sentences are illegal because the [VOP c]ourt failed to apply time credit for the time [Appellant] spent in Allegheny County Jail from September 16, 2015 to October 31, 2017?

III. Whether the [VOP c]ourt abused its sentencing discretion by failing to provide adequate explanation to justify the revocation and sentences imposed?

IV. Whether the [VOP c]ourt abused its sentencing discretion by failing to consider all the required sentencing factors, including protection of the public, gravity of the offense, and [Appellant's] rehabilitative needs, as required by 42 Pa. C.S.A. § 9721(b)?

Appellant's Br. at 21.

## A. Legality of Sentence

In his first two issues, Appellant contests the legality of his probation violation sentence. A challenge to the legality of a sentence is a question of law. *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013). Accordingly, our "standard of review is *de novo*[,] and our scope of review is plenary." *Id.* (citation omitted).

While challenges to the legality of a sentence are non-waivable, an appellant cannot utilize an appeal from a subsequent probation revocation to "collaterally attack[] the legality of the underlying conviction or sentence." *Id.* at 365. This Court explained why "such an approach is incorrect and inadequate[:]"

First any collateral attack of the underlying conviction or sentence must be raised in a petition pursuant to the Post–Conviction Relief

Act [("PCRA")[3]]. Second, such an evaluation ignores the procedural posture of the case, where the focus is on the probation revocation hearing and the sentence imposed consequent to the probation revocation, not the underlying conviction and sentence.

*Id.* (citation omitted). "Thus, a collateral claim regarding the legality of [the underlying] sentence can be lost for failure to raise it in a timely manner under the PCRA." *Id.*

*

In his first issue, Appellant challenges his July 2023 revocation of probation sentence by claiming that his October 2020 revocation of probation sentence was illegal because it was imposed after the expiration of his initial probationary period, which he claims ended on September 7, 2020. Appellant's Br. at 36-40. Without considering the merits, we conclude that Appellant's claim fails because he is attempting to challenge the legality of his October 2020 judgment of sentence, which he did not appeal and has long been final. *See* Pa.R.A.P. 903. As we recently explained, Appellant is "precluded from disturbing [his] prior sentence[] at the present juncture, when only his present sentence is before us." *Commonwealth v. Diaz*, 314 A.3d 852, 855 (Pa. Super. 2024), *reargument denied* (June 4, 2024). As explained in *Infante*, the proper method for Appellant to challenge his original probation revocation sentence was to file a PCRA petition, asserting any applicable timeliness exceptions as required for jurisdiction, rather than

---

[3] 42 Pa.C.S. §§ 9541-9546.

collaterally attacking the October 2020 probation revocation through a challenge to his current July 2023 probation revocation sentence.

*

In his second issue, Appellant asserts that his July 2023 probation revocation sentence is illegal because the court did not provide him with the requisite credit for time served. Appellant's Br. at 41-43. "A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018). Accordingly, we employ a *de novo* standard of review and a plenary scope of review to this question of law. *Id.*

The Sentencing Code requires courts to give defendants credit for time served: "Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed . . . ." 42 Pa.C.S. § 9760(1). Section 9760(3) addresses credit for time served where a defendant is serving multiple sentences:

> "[I]f one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based."

42 Pa.C.S. § 9760(3).

Appellant's challenge relates to the time he served in the Allegheny County Jail following his arrest on the charges in the instant cases between September 16, 2015, and October 31, 2017. Appellant's Br. at 43. In its

- 8 -

Pa.R.A.P. 1925(a) opinion, the VOP court found that the referenced time was not attributable to the instant cases but instead to other charges. Trial Ct. Op., 2/1/24, at 8. The court explained that Appellant, following his arrest on the instant charges, had been detained in the Allegheny County Jail based on "charges pending in Beaver and Union counties" as well as a Pennsylvania State Parole detainer between September 16, 2015, and October 31, 2017, when officials released him on electronic monitoring. *Id.* The court additionally highlighted that the sentence imposed in the instant cases provided Appellant with 872 days credit for other time served, which was "consistent" with counsel's request for time served at the July 10, 2023 hearing.[4] *Id.*

On appeal, Appellant claims that he did not receive credit in his Beaver or Union County cases for the time served between September 16, 2015, and October 31, 2017. Appellant's Br. at 43. Appellant, however, does not direct this Court to any part of the record where he informed the VOP court that the relevant time had not been credited to the Beaver and Union County cases. Indeed, in reviewing the July 2023 VOP hearing transcripts, we do not find any statements regarding the specific dates of time served. Likewise, in his counseled post-sentence motion, Appellant argued vaguely that he had "significant time served credit" without setting forth the specific dates or

---

[4] Specifically, the court listed the following dates of credit: "11/29/17 to 6/6/18; 7/24/19 to 4/24/20; 6/8/21 to 2/8/22; and 2/7/23 to 7/16/23." *Id.*

amount of time served.[5]  Post-Sentence Motion, 7/27/23, at ¶ 3.  Moreover, he has not provided this Court with any evidence supporting his assertion that he did not receive credit for the time served at the Beaver and Union County dockets, beyond merely providing the docket numbers.  Appellant's Br. at 43. Accordingly, we conclude that Appellant waived this issue by failing to support his claim with reference to evidence in the record.  ***See*** Pa.R.A.P. 2101 (stating that an appellate court may quash or dismiss an appeal where defects in briefing are substantial); 2119(d) (requiring "a reference to the place in the record where the evidence may be found").

## B. Discretionary Aspects of Sentencing

Appellant's third and fourth issues challenge the discretionary aspects of his sentence.  "Challenges to the discretionary aspects of sentence are not appealable as of right." ***Commonwealth v. Miller***, 275 A.3d 530, 534 (Pa. Super. 2022).  Rather, an appellant must satisfy each of the following four requirements to invoke this Court's jurisdiction:

> (1) fil[e] a timely notice of appeal; (2) properly preserv[e] the issue at sentencing or in a motion to reconsider and modify the sentence; (3) comply[] with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) present[] a substantial question . . . .

---

[5] We acknowledge but do not rely upon a document filed *pro se* by Appellant on the same day as his counseled post-sentence motion, in which Appellant sought a total of 1,647 days of credit for time served.  This document included a list of dates consistent with the days credited by the VOP court to which Appellant added the period from September 16, 2015, to October 31, 2017.

*Id.* "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and quotation marks omitted).

The record demonstrates that Appellant satisfied the first three requirements. We, therefore, consider whether Appellant presents substantial questions. First, he claims that the VOP court "failed to provide sufficient evidence justifying his revocation and resentencing[.]" Appellant's Br. at 47-48. We conclude that this constitutes a substantial question, as we have previously found that the failure "to set forth adequate reasons for the sentence" raises a substantial question. *Commonwealth v. Hicks*, 151 A.3d 216, 227 (Pa. Super. 2016). Additionally, Appellant argues that the VOP court "failed to consider all the required sentencing factors pursuant to Section 9721(b)," which we have also found to constitute a substantial question. Appellant's Br. at 47-48; *see Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012). Accordingly, we turn to the merits of his challenges.

As with other sentences, "[t]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Starr*, 234 A.3d 755, 760 (Pa. Super. 2020) (citation omitted). We will find an abuse of discretion only when the appellant

establishes that the "sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Schroat*, 272 A.3d 523, 528 (Pa. Super. 2022) (citation omitted). The Sentencing Code provides that an appellate court must consider the following when reviewing a sentence: "(1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) [t]he opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) [t]he findings upon which the sentence was based[; and] (4) [t]he guidelines promulgated by the commission."[6] 42 Pa.C.S. § 9781(d).

The Sentencing Code instructs that, following revocation of probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Pursuant to Section 9721(b), a sentencing court shall impose a sentence consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." *Id.* at § 9721(b). As applicable to Appellant's VOP sentence, the court could impose total confinement only if it found that: "(1)

---

[6] As applicable to the instant case in which Appellant's underlying offenses occurred in 2015, the "Sentencing Guidelines do not apply to sentences imposed following a revocation of probation." *Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006). In contrast, Pennsylvania's Resentencing Guidelines would apply if the revocation related to offenses committed on or after January 1, 2020. *See* 204 Pa. Code § 307.2(b).

- 12 -

the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* at § 9771(c).[7]

"[W]here the sentencing judge had the benefit of a pre-sentence report, [appellate courts will presume] that [the judge] was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." *Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citation omitted). Moreover, in imposing a probation revocation sentence, "a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question." *Commonwealth v. Pasture*, 107 A.3d 21, 28 (Pa. 2014).

\*

In his third issue, Appellant faults the VOP court for failing to set forth its reasons for the sentence as required by 42 Pa.C.S. § 9721(b). Appellant's Br. at 49-51. Appellant emphasizes that the VOP court did not reference the pre-sentence report when imposing the sentence nor did it explain its reasons for the sentence beyond stating the following to Appellant: "You've had more

---

[7] The recent revisions to Section 9771(c) do not apply to Appellant's sentencing as it occurred prior to June 11, 2024, the effective date of the amendments.

than enough chances and you have struck out. Some people get Drug Court, some people don't." *Id.* at 50 (citing N.T., 7/10/23, at 12).

In his related fourth issue, Appellant asserts that the VOP court abused its discretion in failing to consider the requisite Section 9721(b) factors. Appellant's Br. at 52-58. Appellant contends that the court failed to acknowledge the following information in the pre-sentence report: (1) his "long history of drug addiction, including multiple overdoses" in addition to his familial history of addiction; (2) that his father abandoned him at an early age; (3) that he is close with and aids his mother who is suffering from osteoporosis and Lyme's disease; (4) his relationships with his children; (5) his serious injuries resulting from a motorcycle accident; (6) his history of being molested at a young age; and (7) his struggles with mental health including a 2021 "mental breakdown" when he "swallowed razor blades." Appellant's Br. at 54. Appellant also highlights that he informed the court that he had an offer of employment in Arizona and that he expressed gratitude to the people in Drug Court. *Id.* at 53, 55. As such, Appellant claims that the VOP court abused its discretion when it failed to consider this evidence and provide an individualized sentence for Appellant.

We conclude that this issue warrants no relief. As set forth above, in a revocation proceeding, a court need not espouse upon its reasoning for imposing a sentence, and we presume that a court has considered the information in a presentence report, which the court in the instant case acknowledged. Moreover, the record supports the court's determination that

Appellant repeatedly violated the terms of his probation, despite several placements in treatment programs. We conclude that the VOP court provided sufficient reasoning for its incarceration sentence, as it held that "[t]he evidence in this case shows that rehabilitation efforts during probation and in Drug Court failed." Trial Ct. Op. at 10. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/12/2025